## The State v. Peterson.

| | |
|---|---|
| 2 | 921 |
| 46 | 1439 |
| 2 | 921 |
| 52 | 2061 |
| 2 | 921 |
| 112 | 334 |
| 2 | 921 |
| 115 | 507 |
| 2 | 921 |
| f124 | 977 |

By permitting an application for a change of venue, supported by affidavit, to be filed, the prosecuting attorney does not thereby waive his right to oppose its being granted. Stat. 1 June, 1846, ss. 9, 10.

The jurisdiction of the Supreme Court in criminal cases being limited to questions of law (Const art. 63), it cannot examine the evidence introduced on the trial, though reduced to writing below and brought up with the record, to determine whether the court exercised its discretion properly, in refusing a new trial on the ground that the verdict was contrary to the law and evidence.

The caption forms no part of an indictment, and is not essential to its validity. *Per Curiam:* Captions are of frequent occurrence under the english system, where it is not unusual to try an indictment in a different court from that in which it was found. Under our law the accused is invariably tried by the court in which the indictment was found, and the necessity for a caption, technically so termed, cannot arise, if indeed it ever becomes necessary, under our system of courts, until an appeal is taken.

Judgment will not be arrested on the ground that neither the place where the court was held, nor the name of the judge who presided at the court at which the indictment was found, nor the names or number of the grand-jurors who concurred in finding it, are set out in the caption of the indictment, where the schedule in the record sets forth those facts.

It is not necessary that an indictment should contain a distinct averment of the appointment, and oath, of the foreman of the grand jury.

Where one indicted for murder is convicted of manslaughter, it is not necessary that the verdict of the jury convicting him of manslaughter, should negative the murder. Stat. 20 March, 1818, s. 1.

APPEAL from the District Court of Catahoula, *Mayo,* J. *Richardson,* District Attorney, for the State. *G. S. Sawyer,* for the appellant. The judgment of the court was pronounced by

KING, J. The defendant was indicted for murder and convicted of manslaughter, and from the judgment rendered upon the conviction he has appealed. He complains that an application made by him for a change of venue, a motion for a new trial, and a motion in arrest of judgment, were improperly overruled by the court; and on those grounds asks for a reversal of the judgment.

The defendant made a written application for a change of venue, on the ground of prejudice in the public mind in the parish in which the indictment was pending, and accompanied the application with the required affidavit. The application was notified to the district attorney, and on the same day filed by the clerk. It is contended that the district attorney, by permitting the application to be filed, waived his right to oppose it. The authority relied on does not, in our opinion, support this position. The practice of the english courts appears to be, after the application and oath have been made, to move the court for a rule to show cause why the suggestion of partiality should not be entered on the record, as unopposed, in order to have a trial in the adjoining county. When the rule is made absolute, a suggestion, which is the order of the court, for the change of venue is entered on the record, and this order is not traversable. But this entry is only made upon cause being shown that it is necessary, and upon reasonable notice to the opposite party. 1 Chitty, Criminal Pleading, 495. The assent of the district attorney to the necessity for a change of venue, and an order of the court granting it, are not to be presumed from the

STATE.
v.
PETERSON..

mere·fact of· permitting an application in writing, which could as well have been made orally, to be filed. Such an inference is repelled by the record itself. On the same day that the application was notified to the district attorney it was filed, considered by the court, and,·after hearing evidence and arguments of counsel, overruled. It is evident that the object of the filing was merely to put the court in possession of the written motion, in relation to which evidence was·about to·be heard, and·that the judge made no order, and intended to make none, for the removal of the cause, as upon the default of the district attorney, but intended to·hear the opposition of the counsel of the State, if any he desired to make. The action of·the court was ·in conformity with the practice contemplated ·by our statute. Acts of 1846, p. 109, ss. 9, 10. The record furnishes us with no means of determining whether the· judge erred in overruling the application.

After conviction a motion was ·made for a new trial, on the ground that the verdict of the jury was contrary·to the law and the evidence·; and we are urged to·examine·the evidence, which was reduced to writing on the trial and has been brought up with the record, in order to determine whether the judge properly·overruled the motion. Our jurisdiction in criminal cases is limited to questions of law alone. Constitution, art. 63. We are not·permitted to examine the evidence for the purpose of determining whether the court properly exercised its·discretion·in·refusing a new trial, or whether the verdict of the jury is not supported by the evidence, which was admitted without objection. The question·is one·of·fact, in·relation to·which we are· not permitted to enquire·or to determine.

A motion was made in arrest of judgment on the following grounds, viz : 1st. Neither the place where the court was held, nor the·name of the justice·who presided at said court, at which the indictment was found, are set out in the caption of the indictment. 2d. Neither the names, nor the number of the grand jurors who concurred in·the finding of this bill ·of· indictment, are set·out in the caption· of·the same. 3d. There is no evidence of the appointment or oath of the foreman of the grand jury, nor that he ever·was appointed or sworn; contained in said bill of indictment.

The caption forms no part of an indictment, and is not essential to·its validity. It is prepared after the finding of the indictment, and consists of a history of the proceedings extracted· from the schedule which accompanies the indictment, when the latter is transmitted to a higher court. Captions are of frequent occurrence under the english system; where it is not unusual to try indictments in different courts from those in which they are found. Under our law the accused· is· invariably tried by the court in which the indictment is found, and the necessity for a caption, technically·so termed, cannot arise, if indeed it ever becomes necessary, under our system of courts, until an appeal is taken.

The schedule which accompanies the record in the present instance sets forth every fact which it is contended should be exhibited by the caption. The style of the court, the name of the judge who presided, the time and place where the court was held, the names of the grand jurors, fifteen in number, and the facts that the latter, including the foreman, were sworn and charged, and presented the indictment on· which the accused was tried, are all distinctly stated.

That part of the indictment in this case which has been treated in argument as a caption, is not a caption properly so called. It consists of a preliminary statement of many of the facts usually recited in a caption, the whole of which might be stricken from the instrument without affecting its validity.

No distinct averment in the indictment of the appointment and oath of the foreman, is necessary.

It is urged that the verdict of the jury convicting the accused of manslaughter should have negatived the murder. This was not necessary. Our statute authorises such a verdict. Bul. and Curry's Dig. p. 260.

*Judgment affirmed.*