State vs. Crawford.

## No. 7861.

### STATE vs. JOURDAN CRAWFORD.

A motion in arrest of judgment can only be granted on account of an error patent on the face of the record ; and no evidence *dehors* the record can be admitted to establish the error or in support of the motion.

The jurisdiction of this court in criminal cases being limited to questions of law alone, it cannot review the evidence offered in the lower court, for the purpose of ascertaining whether such evidence was sufficient to support the conviction.

A statement of the facts proved on the trial is only a substitute for the evidence itself, and cannot be considered by this court.

APPEAL from the Parish Court of Madison. *Dennis, J.*

J. C. Egan, Attorney-General, for the State, appellee :

The judgment of the lower court, refusing the motion for a new trial and the motion in arrest of judgment, and sentencing the accused, should be sustained for the following reasons :

First—Because the Supreme Court cannot review the correctness of a general verdict on questions of fact.

Second—Because it does not appear that there was any discrepancy between the *allegata* and *probata.*

Third—There is nothing on the face of the record to justify a motion in arrest of judgment.

A. L. Slack for appellant.

The opinion of the court was delivered by

TODD, J. The defendant was tried in the parish court of Madison parish under an information filed in said court. He was convicted, and sentenced to the Penitentiary for one year, and has appealed.

The defendant was charged in the information with having stolen one hundred and thirty-five dollars from George Morris and Strather Payne. After his conviction he filed a motion in arrest of judgment and for a new trial, on the ground that the information alleged the owner-ship of the money to be in George Morris and Strather Payne, whereas the evidence showed that it belonged to George Ernest, Strather Payne, and Nancy Payne ; and a certificate, or statement, of the parish judge to establish this appears in the record.

The motion was overruled, and this ruling is the error assigned in this court, and relied on for reversing the judgment of the lower court. The error assigned, even if admitted, is no ground for a motion in arrest of judgment, for a judgment can only be arrested on account of an error patent on the face of the record. No evidence *dehors* the record

State vs. Crawford.

can be admitted to establish the error or in support of the motion. 8, R. 573; 10 An. 265; 14 An. 827; 15 An. 185; 25 An. 370; 28 An. 129; 30 An. 90, 265.

There being no legal ground urged for an arrest of judgment, the next question presented is, whether this court can review the evidence offered in the lower court, embodied in the statement of facts, for the purpose of ascertaining whether such evidence was sufficient to support the conviction. This is virtually asking this court to try the case over again on the merits, and decide upon the guilt or innocence of the accused.

Our jurisdiction in criminal cases is limited to questions of law alone. In case of the State vs. Frank, 2 An. 837, the Court says: .

"By the well-known rule of criminal proceedings the evidence introduced on the trial is not reduced to writing, and if it was, we would be without authority to pronounce upon it. A statement of the facts proved on the trial would be only a substitute for the evidence itself, which we are not permitted to examine." Con. 1879, art. 81; 2 An. 921; 3 An. 497.

This disposes of the case.

It is therefore decreed that the judgment and sentence of the lower court be affirmed with costs.