PROVO STY, J.
The defendant was charged, convicted, and sentenced under section 1 of Act No. 134 of 1890, p. 175, which declares:
“That any person who shall fraudulently, deceitfully or by any false representation, entice, abduct, induce, decoy, hire, engage, employ or take any woman of previous chaste character from her father’s house, or from any other place 'where she may be, for the purpose of prostitution or for any unlawful sexual intercourse, at a house of ill fame or at any other place of like character, or elsewhere, shall on conviction be punished by imprisonment at hard labor in the penitentiary for not more than five years.”
The indictment charged that the defendant on a day named “fraudulently, deceitfully, and by false representation did entice, abduct, induce, decoy, and take one Robin Unruh, a woman of previous chaste character, from her father’s house, for the felonious purpose of having unlawful sexual intercourse with her, the said Robin Unruh, at the place of residence of Hill Beloo, and at the house of .various other persons, whose names are unknown to these grand jurors,” etc.
Motion was made to quash the indictment on the ground that it was bad either for vagueness or duplicity; that if the words “and at the houses of various other persons” are. a sufficient allegation of place under the statute, then the indictment is bad for duplicity, and, if those words do not constitute a sufficient allegation of place, then the indictment is bad for vagueness.
The answer to this is that if, under the statute, it was necessary to specify the place to which the woman was taken, the requirement was fully satisfied by the naming of the house of Hill Beloo as such place. The words “and at the houses of various other persons” were mere surplusage. If, as defendant says, the purpose of adding them was to open the door to evidence as to other places, the purpose was useless, inasmuch as, for the purpose of showing intent, the evidence would have been admissible without, just as well as' with, them. State v. Vines, 34 La. Ann. 1073; State v. Johnson, 111 La. 936, 36 South. 30.
Whether the evidence adduced by the state would have been sufficient to support a conviction in case it had failed to show that defendant had taken the woman to the particular house named in the indictment is a question which could have been brought up only by a bill of exception to the refusal of the judge so to charge, and the record does not show that the judge refused so to charge, or was requested so to do.
The title of Act 134, p. 175, of 1890, reads, “An act making the abduction of women a crime.” Thus the crime lies in the abduction. The words “for the purpose of prostitution,” etc., are merely descriptive of the intent of the abduction. There is not a new and separate abduction for every additional house the woman is taken to, but there is but one abduction, no matter how many different houses she is taken to. Hence the indictment would still have charged only one abduction and one crime, and therefore would not have been bad for duplicity even if it had designated by name a number of houses' to which the woman had been taken. Still less is it open to that charge because of the allegation that the woman had been taken to several other houses, to the jurors *128 unknown, which allegation is too vague to be anything but mere idle surplusage.
The judge charged that unlawful sexual intercourse under the statute meant sexual intercourse out of wedlock. Defendant contends that it means only such sexual intercourse as is prohibited or made unlawful by some express provision of law; as, for instance, rape, incest, intercourse between a man over 18 and a girl under 16, etc. We think the judge ruled correctly. “Unlawful” does not necessarily mean contrary to law. “Un” is a preposition used indiscriminately, and may mean simply “not,” and “unlawful” means “not authorized by law.” McDaniel v. U. S., 87 Fed. 324, 30 C. C. A. 670. Again, in the phrase descriptive of the purpose of the abduction the words “unlawful sexual intercourse” are closely associated with the words “prostitution” and “house of ill fame,” clearly indicating, under the rule noseitur a soeiis, what character of unlawful sexual intercourse is meant; that is to say, such as is associated with prostitution and houses of ill fame — in other words, the infringement of the moral law, and not necessarily of the civil law; the popular, not the technical, meaning. Under the rule noseitur a soeiis, a single act of cohabitation with a female was held to constitute concubinage within the meaning of a statute inhibiting the abduction of a female under 18 years of age for the purpose of prostitution or concubinage. State v. Gibson, 111 Mo. 92, 19 S. W. 980.
Judgment affirmed.