(57 South. 274.)

No. 19,146.

STATE v. NOLAN.

(Jan. 2, 1912.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1158*)—APPEAL—QUESTIONS OF FACT.

Art. 85 of the Constitution provides that in criminal cases the Supreme Court shall review only questions of law. Questions of fact are for the jury, or the judge, and, where there is any evidence at all in the case, their findings of fact cannot be reviewed by this court (as relates to guilt or innocence of the accused).

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3061–3066, 3071, 3074–3084; Dec. Dig. § 1158.*]

2. STATUTES (§ 118*)—SUBJECTS AND TITLES—WORK ON PUBLIC ROADS.

Act No. 51 of 1906 has only one object, which relates to work on the public roads by defendants who heretofore were condemned to imprisonment only.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 158–160; Dec. Dig. § 118.*]

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

W. W. Nolan was convicted of unlawfully retailing intoxicating liquors, and appeals. Affirmed.

Joseph H. Levy, for appellant. Walter Guion, Atty. Gen., and J. M. Foster, Dist. Atty. (G. A. Gondran, of counsel), for the State.

BREAUX, C. J. A bill of information was filed against the defendant charging him with unlawfully retailing intoxicating liquors.

He was tried and found guilty and sentenced to pay a fine of over $300 and to 90 days work on the public roads.

He has appealed.

There are two bills of exceptions in the record.

The first bill contains a full statement of the case, and in addition reserved several legal points for review by this court.

Defendant filed a motion for a bill of particulars, to which the district attorney stated in answer that he would comply with the request of the learned counsel of the defendant and would not prove that other beer than the Piltzner beer was sold by defendant.

The bill of exceptions further states that all the evidence of the state consisted of an internal revenue license and the testimony of a witness named Warren, who was (it is stated in the bill) a detective and a stranger in the community, who testified that he bought Piltzner beer from the defendant; that he knew it was Piltzner beer from the taste of the liquor; that he could tell, by drinking, the difference between several brands of beer, without seeing a label thereon.

The defendant, on the other hand, as a witness, denied that he had ever sold any liquor at all to this witness on the day mentioned or on any other day.

The bill of exceptions relates at some length and particularity that defendant is an honest and industrious man, who has been employed in different branches of industry, and was well considered in the community; that he went into the liquor business after a decision of the Supreme Court, sanctioning, as defendant understood, the sale of near beer, and after having obtained a license to sell "near beer"; and that was the only drink he sold.

He further stated in the bill of exceptions: That a negro boy, his helper, corroborated his testimony before the court on his trial. That the police had visited his establishment, made searches therein, and found no intoxicants in the saloon.

That several persons who patronized him testified that they had never been able to buy anything stronger than beer at the bar he kept.

As to the witness Warren, who was specially employed to detect the illegal selling of liquor, and who had been denounced, the defendant testified against him, as a witness on the trial; a brew master and a saloon keeper testified that all he said about what he could do by merely tasting liquor was untrue; that they themselves could not distinguish brands by merely drinking beer of different makes.

That the court held that he believed the testimony of the witness Warren, and erred in thus believing the witness.

[1] Learned counsel for defendant argues on behalf of his client that the court of the first instance has generally erred in weighing the evidence.

We can only say that the evidence was heard by the learned judge; that it rested with him to weigh the evidence and to decide the questions of fact presented.

The questions brought up by the bills are exclusively questions of fact.

The evidence of fact, though reduced to writing and made part of the record, will not be examined to the end of determining whether it authorized the conviction. State v. Peterson, 2 La. Ann. 921; State v. Nelson, 3 La. Ann. 497; State v. Snow, 30 La. Ann. 401; State v. Ryan, 30 La. Ann. 1176; State v. Beatty, 30 La. Ann. 1266; State v. Crawford, 32 La. Ann. 526; State v. Bird, 38 La. Ann. 497.

We are the interpreters of the law; as such, we interpret them as written. This does not invest in the court the authority of assuming appellate jurisdiction of questions of fact.

Questions of law which may arise in case one is convicted without evidence are not before us in any shape. That presents another issue entirely, which is not before the court. There was evidence heard, and the objection is that the court erred in weighing it.

The present Constitution is as emphatic upon the subject as was the prior Constitution.

"The Supreme Court shall have appellate jurisdiction only in criminal cases on questions of law alone." Article 85.

Were we to set aside the verdict and judgment on the ground urged, it would become necessary in appealable cases to pass upon the guilt or innocence of the defendant.

As to the extreme case which the counsel for defendant puts of an accused convicted upon no evidence at all—if that were possible—if the verdict were rendered arbitrarily without justice or law, he would not be without the possibility of some remedy.

That is not the case here.

After having heard the evidence offered, he was found guilty. The weight of the testimony was determined by the proper authority. The decision is final.

[2] By the second bill of exceptions, it appears: That defendant, through learned counsel, filed a motion to set aside and vacate that part of the sentence compelling him to work on the public roads on the ground that Act 51 of 1906, under which the sentence was imposed, was unconstitutional for the reason that the title contained two distinct objects, and the body of the act also contained two objects.

That this act was unconstitutional on the further ground that it was an attempt to sweepingly amend all of the criminal statutes and municipal ordinances without re-

enacting each statute or ordinance and publishing them at length.

These two grounds are considered together.

As for the first, there is no necessity of excluding any of the clauses in the act as expressing a dual object. The title expresses the state's one object, to wit:

In all prosecutions, "sentences to imprisonment, or to imprisonment without qualification, and of all sentences for violation of ordinances shall mean imprisonment with labor, and, in carrying out the same object, it is to regulate the employment of such imprisonment."

The objects are germane, virtually the same. They denote the power granted to the court to condemn to imprisonment with labor instead of, as heretofore, to imprisonment exclusively.

Both in the title and in the body of the act, there is one purpose, to wit, authority to the courts to condemn defendants to work on the public roads.

The decisions cited by learned counsel are not controlling. State v. Ferguson, 104 La. 249, 28 South. 917, 81 Am. St. Rep. 123; Bossier v. Steele, Sheriff, 13 La. Ann. 433.

The court, in these cited cases, found that there were two objects.

In the first decision cited, one of the objects was said to be the encouragement of trade and the other the sale of tickets.

The court held that, these being two separate objects, the act referred to in that case was unconstitutional.

In the second decision cited, one of the objects related to the payment of expenses in criminal cases, while the other relates to the payment of fines and forfeiture to the State Treasurer.

The court held that the objects were distinct under the guise of paying expenses in criminal prosecutions. It might extend to an interference with the collection of revenues of the state.

In the case before us for decision there is, as before stated, only one object. That one object relates to work on the public roads by defendants who heretofore were condemned to imprisonment.

It was possible to adopt the provisions which were adopted in the act assailed in this case without the necessity of enacting two or more laws in order to cover all that was necessary to make the act effective.

The last stated is merely supplementary to other statutes previously adopted.

For reasons stated, the judgment appealed from is affirmed.