PEOPLE ex rel. HOWEY v. WARDEN OF CITY PRISON.

(Supreme Court, Special Term, Kings County. April, 1912.)

ABDUCTION (§ 1*)—STATUTORY OFFENSES—ELEMENTS.

The character of the place into which a female is inveigled is an essential element of the offense of abduction, under Penal Law (Consol. Laws 1909, c. 40) § 70, subd. 2, providing that a person who inveigles an unmarried female of previous chaste character into a house of ill fame, or of assignation, or elsewhere, for purpose of sexual intercourse, is guilty of abduction, and the place must to some extent be a place for purposes of prostitution; and one who induced a female to take an automobile ride with him, and who on the return trip attempted to assault her on or near a public highway, is not guilty of "abduction."

[Ed. Note.—For other cases, see Abduction, Cent. Dig. §§ 1–10; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 1, pp. 14, 15; vol. 8, p. 7559.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Habeas corpus by the People, on relation of Robert Howey, against the Warden of the City Prison, to examine into the cause of the imprisonment and detention of relator. Relator discharged. Affirmed on appeal, 137 N. Y. Supp. 1137.

Robert H. Wilson, for relator.

James C. Cropsey (George H. Folwell, of counsel), for respondent.

STAPLETON, J. The prosecutrix and a female companion accepted an invitation of the relator and a male companion to take a ride in an automobile. The invitation was accepted in Kings county. There was some evidence of a misrepresentation by which the females were induced to meet the men at a restaurant attached to a brewery, and while in the restaurant—a place of practical security—the women were invited by the men to take a ride under circumstances free from unlawful methods. The party took a ride far into the country. They stopped at a roadhouse, where they had an elaborate dinner, with wine, and participated in dancing, all of which occupied a number of hours, and they were compelled to wait a couple of hours longer while the automobile was being repaired. During all of this time there was no improper act or suggestion on the part of the males. On the return trip a stop occurred on the roadside in Queens county through the alleged exhaustion of gasoline. Whether this stop was occasioned by necessity or pretense presents a question of fact. It was during this stop, the prosecutrix alleges, that on the roadside, some distance away from the automobile, an unsuccessful attempt was made by the relator to perpetrate upon her an act of sexual intercourse. The prosecutrix laid an information before a city magistrate in the county of Kings, charging the defendant with the crime of abduction. The examination was had in Kings county. The relator was held to answer. The tribunal to which the depositions were returned was the County Court of Kings County and the action of the grand jury of that county is awaited, if the commitment be valid.

Section 70 of the Penal Law defines the crime of abduction. The prosecutrix was not under the age of 18 years, and the crime, as defined under subdivision 1 of that section, could not be committed with relation to her. Neither could it have been committed under subdivision 4 of that section. I am satisfied, from a careful reading of the evidence, that there are no facts which would justify the holding of an unlawful taking or detention of the prosecutrix in Kings county against her will by the relator, in violation of subdivision 3 of section 70. The subdivision of the section, defining the crime under which it is contended the relator may be held to await the action of the grand jury of Kings county, is subdivision 2, which reads as follows:

"A person who inveigles or entices an unmarried female of previous chaste character into a house of ill fame or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse, is guilty of abduction."

The place where, in an attempt to perpetrate an act of sexual intercourse, it is alleged the assault was committed upon the prosecu-

trix by the relator, was upon or near a public highway in the county of Queens, not within 500 yards of the boundary between Kings and Queens counties. It is my opinion that the character of the place into which a female is inveigled or induced is an essential element of the offense of abduction under subdivision 2 of section 70. It must to some extent be a place for purposes of prostitution or of assignation; and unless it has been previously so used, the offense does not come within that subdivision. In State of Minnesota v. McCrum, 38 Minn. 154, 36 N. W. 102, the Supreme Court of Minnesota thus construed a statute phrased in essentially the same language. See, also, Nichols v. State, 127 Ind. 406, 26 N. E. 839; Miller v. State, 121 Ind. 294, 23 N. E. 94; Carpenter v. People, 8 Barb. 603; People v. Richards, 108 N. Y. 137, 15 N. E. 371, 2 Am. St. Rep. 373. If an offense has been committed by the relator in the jurisdiction of the courts and grand jury of Queens county, a prosecution against him may be instituted there.

The writ must be sustained, and a final order may be entered discharging the relator.