(68 South. 125)

No. 21108.

STATE v. SANDERS.

(March 22, 1915.)

(Syllabus by the Court.)

1. ABDUCTION ⬥5—UNLAWFUL TRANSPORTATION OF WOMEN — INDICTMENT — SUFFICIENCY.

An indictment, drawn under section 1 of Act No. 134 of 1890, p. 175, which statute provides for the punishment of any person who entices, abducts, induces, decoys, hires, engages, employs, or takes any woman of previous chaste character from her father's house, or from any other place where she may be, for the purpose of prostitution, or for any unlawful sexual intercourse, at a house of ill fame, or at any other place of like character, or elsewhere, and which charges a person with having taken such woman from her father's house "unto the public highway for the purpose of having unlawful sexual intercourse with her, and did unlawfully have sexual intercourse with her," is sufficient.

[Ed. Note.—For other cases, see Abduction, Cent. Dig. § 16; Dec. Dig. ⬥5.]

2. ABDUCTION ⬥1 — UNLAWFUL TRANSPORTATION OF WOMAN—"OR ELSEWHERE."

It is clearly manifest that the general words "or elsewhere," contained in the statute, were used for the purpose of including other places than are suggested by the specific words "at a house of ill fame or at any other place of like character."

[Ed. Note.—For other cases, see Abduction, Cent. Dig. §§ 1–10; Dec. Dig. ⬥1.

For other definitions, see Words and Phrases, Second Series, Or Elsewhere.]

3. ABDUCTION ⬥1 — UNLAWFUL TRANSPORTATION OF WOMEN—"ANY UNLAWFUL SEXUAL INTERCOURSE."

The words "any unlawful sexual intercourse" mean unlawful sexual intercourse "to any extent; in any degree.; at all"; and they cover a single act of sexual intercourse.

[Ed. Note.—For other cases, see Abduction, Cent. Dig. §§ 1–10; Dec. Dig. ⬥1.]

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Henry Sanders was indicted for abduction in violation of Act No. 134 of 1890. From a judgment sustaining a motion to quash, the State appeals. Reversed and remanded.

R. G. Pleasant, Atty. Gen., and Anthony N. Muller, Dist. Atty., of New Iberia (G. A. Gondran, of New Orleans, of counsel), for the State. Burke & Smith, of New Iberia, for appellee.

SOMMERVILLE, J. The state appeals from a judgment sustaining a motion to quash an indictment charging defendant with having feloniously abducted a woman of previous chaste character from her father's house, for the purpose of having unlawful sexual intercourse with her on the public highway, in Iberia parish, and within the jurisdiction of the Nineteenth judicial district court of this state. The motion to quash was based on the allegation that the indictment returned against the defendant sets forth no offense for which he may be held.

The trial court was of the opinion that the words "or elsewhere," found in the statute under which the indictment was brought, were confined in their scope and intention to the words of particular description which immediately preceded them, "a house of ill fame or in any other place of like character," and that they did not include the public high-

way, and that the offense charged was not covered by the statute.

[1] The act under consideration, No. 134, 1890, p. 175, is entitled "An act making the abduction of women a crime." Section 1 of the act is that under which the indictment was found, and it is as follows:

"That any person who shall fraudulently, deceitfully or by any false representation, entice, abduct, induce, decoy, hire, engage, employ or take any woman of previous chaste character from her father's house, or from any other place where she may be, for the purpose of prostitution or for any unlawful sexual intercourse, at a house of ill fame or at any other place of like character, or elsewhere, and any person who shall knowingly or intentionally aid, abet, assist, advise or encourage any such enticing, abduction, inducing, decoying, hiring, engaging, employing or taking, shall on conviction be punished by imprisonment at hard labor in the penitentiary for not more than five years."

The remaining sections in the act provide for crimes of the same nature as that embraced in section 1.

When the statute was before the court for consideration in the case of State v. Savant, 115 La. 226, 38 South. 974, we said:

"Thus the crime lies in the abduction. The words 'for the purpose of prostitution,' etc., are merely descriptive of the intent of the abduction. * * * 'Unlawful' does not necessarily mean contrary to law. 'Un' is a preposition used indiscriminately, and may mean simply 'not,' and 'unlawful' means 'not authorized by law.' McDaniel v. U. S., 87 Fed. 324, 30 C. C. A. 670. Again, in the phrase descriptive of the purpose of the abduction, the words 'unlawful sexual intercourse' are closely associated with the words 'prostitution' and 'house of ill fame,' clearly indicating, under the rule of noscitur a sociis, what character of unlawful sexual intercourse is meant; that is to say, such as is associated with prostitution and houses of ill fame—in other words, the infringement of the moral law, and not necessarily of the civil law; the popular, not the technical, meaning. Under the rule of noscitur a sociis a single act of cohabitation with a female was held to constitute concubinage within the meaning of a statute inhibiting the abduction of a female under 18 years of age for the purpose of prostitution or concubinage. State v. Gibson, 111 Mo. 92, 19 S. W. 980."

[2] And now there is presented for consideration the words "or elsewhere" used in the statute. Defendant is charged with having feloniously, etc., abducted a young woman named in the indictment, of previous chaste character, from her father's home, and with having taken her upon the public highway for the purpose of having unlawful sexual intercourse with her, and that he did have such unlawful sexual intercourse with her there, contrary to the statute above quoted from.

To construe the words "or elsewhere," as used in the statute, in the manner and with the restriction claimed by defendant, would be to misconstrue plain and unequivocal language. The words have an exact and clear meaning, and cannot be construed so as to limit them to houses of ill fame or assignation, as appears to have been done with the same words in construing certain criminal statutes in other jurisdictions, as cited by defendant.

"Elsewhere" means "any other place; in some other place; in other places, indefinitely." If the word "elsewhere" was construed to mean a place like or similar to a house of prostitution or assignation, the word would be tautological and entirely meaningless in the statute. For the law would then read that any person who shall feloniously, etc., take any woman of previous chaste character from her father's house for the purpose of prostitution or for unlawful sexual intercourse "at a house of ill fame or at any other place of like character, or at a house or place of like kind," will be punished, etc.

The words "or elsewhere," found in the statute, were put there by the Legislature for a definite purpose, and the language of the statute must be interpreted according to the ordinary meaning of the words used therein, and effect must be given to them. The taking of a woman of chaste character from her father's house for the purpose of prostitution or for unlawful sexual intercourse "at a house of ill fame or at any other place of like character, or elsewhere," is a crime, as defined by the statute, if the person took such

woman "unto the public highway for the purpose of having sexual intercourse with her." The public highway is "elsewhere" from a house of ill fame, or other place of like character. The motion to quash should have been overruled.

Defendant has cited the case of People v. Warden (Sup.) 137 N. Y. Supp. 268, where the restricted and limited meaning of the words "or elsewhere" contended for by him was adopted by the court of that state. But the law of New York refers to "a house of ill fame or of assignation, or elsewhere." And the court held that the word "elsewhere" referred to a place which had been used to some extent for the purposes of prostitution or of assignation. The court applied the rule:

"That where words of a particular description in the statute are followed by general words, less specific and limited, the general words are to be construed as applicable to words, things, or cases of like kind to those designated by the words, unless there be a clear manifestation of a contrary purpose." 1 Cyc. 147.

The Louisiana General Assembly has, in the statute under consideration, clearly manifested the purpose to make it a crime to abduct a female of previous chaste character from her father's house, or from any other place where she may be, for the purpose of prostitution or for any unlawful sexual intercourse, at any house of ill fame, or at any other place of like character, or at any other place.

The object of the Legislature was to avoid the interpretation of the New York court of the statute of that state with reference to the same offense, by changing the language in the statute of this state. In the state of New York, as reported in Carpenter v. People, 8 Barb. (N. Y.) 603, the statute is quoted as reading, at the time of that decision:

"Any person who shall inveigle, entice or take away any unmarried female of previous chaste character, under the age of twenty-five years, from her father's house or wherever else she may be, for the purpose of prostitution at a house of ill fame, assignation or elsewhere," etc.

Whereas, the Louisiana statute, as has been seen, refers to a house of "ill fame or at any other place of like character, or elsewhere." So that there is no room, after the words "at any other place of like character" in the Louisiana statute, for the words "or of like character," as has been held by the New York courts in construing the statutes of that state, wherein different language was used. The word "elsewhere" means "in other places, indifferently," than houses of ill fame and places of like character.

[3] The statute under consideration appears, also, to make the abduction of a woman "for any unlawful sexual intercourse," under the conditions therein stated, a crime, by the use of the word "any." Had the statute followed the language of the statute of Pennsylvania, it might have been interpreted to mean that the unlawful sexual intercourse there referred to did not cover a single act of sexual intercourse. The statute of Pennsylvania reads that one is guilty of abduction who "entices an unmarried female * * * into a house of ill fame or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse." The Pennsylvania court differed from the courts of New York, and held that the character of the place to which the woman is taken is immaterial, but that she must be enticed into some place for the purposes of prostitution, as generally understood, and not for a single act of intercourse. The word "any" is not in the Pennsylvania statute before the words sexual intercourse. 1 C. J. 287.

"Any" means "to any extent; in any degree; at all." So that unlawful sexual intercourse "to any extent," even if it be a single act, is covered by the statute of Louisiana.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be re-

versed, that the motion to quash be set aside and denied, and that the case be remanded to the district court, to be proceeded with in accordance with law.