(95 South. 650)

No. 25614.

## STATE v. ENLOE.

(Jan. 27, 1923. Rehearing Denied Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Abduction** ⬅1—**Not necessary that woman be taken to house of ill fame.**

Under Act No. 134 of 1890, relative to enticing or abducting any woman of previous chaste character for purpose of sexual intercourse at a house of ill fame, or place of like character, "or elsewhere," it is not necessary that the woman should be taken to a house of ill fame or place of like character.

2. **Abduction** ⬅12—**Evidence of previous offense held not to prevent conviction.**

Evidence that the day before defendant took a woman to a hotel for purposes of sexual intercourse he took her to an office building and had sexual intercourse with her did not prevent conviction, though showing she was not of chaste character the following day, as time and place are not of the essence of the offense.

3. **Abduction** ⬅16—**Instructions defining "previous chaste character" not objectionable.**

Instructions that "previous chaste character" in Act 134 of 1890 meant actual personal virtue, and that it must be shown the prosecutrix was a woman of virtue and had never had previous sexual intercourse, were not erroneous.

4. **Criminal law** ⬅844(1)—**General objection to whole charge unavailing.**

Objection generally to whole charge without specifying wherein objector is aggrieved is unavailing.

5. **Criminal law** ⬅1172(7) — **Defendant not prejudiced by instruction requiring unanimous verdict.**

Instruction requiring unanimous verdict was prejudicial only to state.

6. **Criminal law** ⬅1038(1)—**Defendant could not complain of instruction after taking chance of mistrial.**

Defendant, after knowingly taking chances of mistrial, under instruction requiring unanimous verdict, cannot complain when verdict is unanimously against him.

Appeal from Criminal District Court, Parish of Orleans; Frank T. Echezabal, Judge.

E. E. Enloe, alias T. C. McCrory, was convicted of an offense and he appeals. Affirmed.

Hugh M. Wilkinson, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., Robert H. Marr, Dist. Atty., and Thos. V. Craven, Asst. Atty., both of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

LECHE, J. Defendant appeals from a judgment of conviction under Act 134, page

175, of 1890. He relies upon seven bills of exception, in which as correctly stated in his brief, three points of law are raised, and these he summarizes as follows:

"First. The trial court erred in ruling that it was not necessary, under Act 134 of 1890, for the defendant to have taken the complainant to a house of ill fame or other place of like character.

"Second. The trial court erred in ruling that at the time of the alleged offense, the complainant was a woman of previous chaste character, in spite of uncontradicted evidence that she had had prior sexual intercourse.

"Third. The trial court erred in charging the jury that the unanimous concurrence of the 12 jurors was necessary to return a verdict of not guilty, when under the Constitution and laws of this state such a verdict might have been returned in this case by the concurrence of only nine of the jurors."

[1] 1. The information charges that—

"Defendant did deceitfully * * * entice, abduct * * * a woman of previous chaste character * * * from her home for the purpose of unlawful sexual intercourse with him, at the * * * Hotel," etc.

He complains that the mentioned hotel is not alleged in the information to be a house of ill fame or any other place of like character, that the trial judge refused to charge the jury to the effect that, to constitute the offense under the statute, the place to which the woman is taken must be a house of ill fame, other place of like character, or of similar depravity and opportunity for degradation and shame.

The language of the statute defines the place to which the woman must be taken as "a house of ill fame or * * * any other place of like character, or elsewhere."

It is obvious that the construction contended for by defendant would render the words "or elsewhere" meaningless, as redundant tautology.

We held in the case of State v. Sanders, 136 La. 1059, 68 South. 125, Ann. Cas. 1916E, 105, quoting from the syllabus:

"It is clearly manifest that the general words 'or elsewhere,' contained in the statute, were used for the purpose of including other places than are suggested by the specific words 'at a house of ill fame or any other place of like character.' "

There was therefore no error in the rulings of the trial judge under bills of exception 1, 2, and 6, summarized by defendant under the "first" heading.

[2, 3] 2. His next complaint, excepted to under bills 3, 4, and 5, relates to the judge's instructions defining the meaning of the words "of previous chaste character." The facts as disclosed in the per curiam annexed to these three bills of exception are that both the prosecutrix and the defendant admitted during the trial that on the day previous to that when she was taken to the hotel, as charged in the information, defendant had, under the same circumstances and conditions denounced in the statute, taken the prosecutrix into an office building and there had unlawful sexual intercourse with her. The judge further states that he charged the jury that—

"She, the prosecuting witness, must have been previously a woman of chaste character. The words 'previous chaste character' mean actual personal virtue; and, in order to convict, it must be established to your satisfaction, and beyond a reasonable doubt, that the prosecutrix was a woman of virtue and had never had previous sexual intercourse with a man."

No objection was interposed by defendant to the evidence showing the act of seduction committed in the office building during the day previous to that on which the seduction was charged to have taken place in the hotel. It was evidently defendant's purpose, in not objecting to the offer of evidence showing the unlawful sexual intercourse in the office building, to negative the condition, required by the statute, of previous chaste character of the prosecutrix when the unlawful sexual intercourse took place the following day in the hotel. Time and place are not of the es-

sence of this offense, and the defendant, in order to avoid Charybdis, fell into Scylla.

His complaint is really aimed at the finding of the jury, for in point of fact no error is shown in the judge's instructions.

3. Defendant's third alleged ground for reversal is evidenced by bill of exception No. 7.

[4] After the evidence had all been adduced, arguments heard, and the judge had delivered his charge to the jury, the defendant took exception to the whole charge, stenographic report of which is annexed to his bill. Defendant did not then and there object to or except to any particular part of the charge, but he only objected generally to the whole charge without specifying wherein he was aggrieved. Such an objection cannot avail. State v. Charles, 124 La. 744, 50 South. 699, 18 Ann. Cas. 934. A general objection to the charge of the court presents nothing for review. State v. Varnado, 126 La. 732, 52 South. 1006.

In argument, defendant's counsel contends that it appears on the face of the record, in the stenographic report of the judge's charge annexed to his bill No. 7, that the judge instructed the jury that in order to arrive at a verdict, concurrence of the 12 jurors was necessary, and that this constitutes reversible error.

[5, 6] That error, even if reviewable under the circumstance of this case, is only prejudicial to the state, for if only 9, 10, or 11 jurors, a sufficient number under the law to convict, had balloted in favor of a verdict of guilty, the jury would, under this instruction, have reported a failure to agree, and a mistrial would have been entered as the result. It is more difficult to secure a conviction from 12 jurors than from 9. Defendant cannot complain, after knowingly taking chances of a mistrial, that the verdict is unanimously against him.

Defendant had a fair trial, and the judgment convicting him is affirmed.