(103 So. 391)

No. 27044.

**STATE v. DAVIS.**

(March 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Abduction** ⊙⟅⟆1—**Sexual intercourse with one abducted not element of offense.**

Under section 1 of Act No. 134 of 1890, denouncing abduction for purpose of sexual intercourse, actual sexual intercourse with one abducted is not essential element of offense.

2. **Abduction** ⊙⟅⟆1—**Intent at time, and not subsequent conduct, essence of offense.**

Abductor's intent at time of abduction, and not his subsequent conduct towards one abducted, is essential element of offense.

3. **Abduction** ⊙⟅⟆9—**Proof of sexual intercourse admissible to show intent in abduction.**

Proof of sexual intercourse by abductor with one abducted would be admissible to show intent.

4. **Criminal law** ⊙⟅⟆1158(1)—**Questions of fact not reviewable.**

Appellate court has no jurisdiction as to facts touching guilt or innocence of accused.

5. **Criminal law** ⊙⟅⟆1156(1) — **Discretion in granting new trial not reviewable unless abused.**

Granting or refusing of a new trial for newly discovered evidence rests largely in sound discretion of trial judge and will not be interfered with by appellate court unless abused.

6. **Criminal law** ⊙⟅⟆938(1)—**Discretion held not abused in denying new trial for newly discovered evidence.**

Court did not abuse its discretion in denying new trial for newly discovered evidence bearing on previous character of prosecuting witness in prosecution for abduction, where its existence was known to counsel before he closed his case, and defendant elected to take his chances with jury as case then stood.

Appeal from Thirtieth Judicial District Court, Parish of La Salle; F. E. Jones, Judge.

Nathan (Buddy) Davis was convicted of abduction, and he appeals. Affirmed.

A. D. Flowers and C. W. Flowers, both of Jena, for appellant.

Percy Saint, Atty. Gen., J. B. Thornhill, Dist. Atty., of Columbia, and Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans, of counsel), for the State.

ST. PAUL, J. The defendant was convicted and sentenced for violating section 1 of Act 134 of 1890, p. 175 (as to which see the per curiam on the application for rehearing in State v. Savant, 115 La. 226, 229, 38 So. 974, 975).

His appeal presents three bills of exception.

Bills Nos. 1 and 2.

[1-3] The statute is entitled, "An act making the abduction of women a crime;" and, so far as pertinent here, provides as follows:

"Section 1. That any person who shall fraudulently, deceitfully or by any false representation, entice, abduct, induce, decoy, hire, engage, employ or take any woman of previous chaste character from her father's house or from any other place where she may be, for the purpose of prostitution or for any unlawful sexual intercourse, at a house of ill fame or at any

other place of like character, or elsewhere, * * * shall on conviction be punished," etc.

The indictment charges that—

The defendant did "fraudulently, deceitfully, and by false representation entice, abduct, induce, decoy and take one B—— N——, a woman of previous chaste character, from the fair grounds at Olla, La., for the purpose of unlawful sexual intercourse in the woods near Olla, aforesaid."

Bill of exception No. 1 was taken to the refusal of the trial judge to quash said indictment on the ground that same "does not allege a crime as defined by the statute"; and bill of exception No. 2 was taken to the refusal of the trial judge to charge that "before the jury would be justified in finding the accused guilty, the state must prove beyond a reasonable doubt that an act of sexual intercourse was committed between the defendant and the party alleged to have been abducted."

In their printed argument on the motion to quash, counsel for defendant say: "Our contention is, that to constitute a crime under the act there are two essentials; (1) there must be an abduction, and (2) there must also be an unlawful sexual intercourse following the abduction. This being true, the indictment should have so charged; which it did not."

From which it will be seen that the two bills of exception present but one and the same question of law, to wit, whether the offense denounced by the aforesaid statute "making the abduction of women a crime," is complete only when and if the abduction is followed by an act of sexual intercourse between the abductor and the abducted.

Our opinion is that the motion to quash and the charge requested were properly denied.

In State v. Sanders, 136 La. 1059, 68 So. 125, Ann. Cas. 1916E, 105, the indictment charged that the defendant took the woman from her father's house "unto the public highway for the purpose of having unlawful sexual intercourse with her." The court held that the words of the statute "any unlawful sexual intercourse" meant unlawful sexual intercourse to any extent, in any degree at all, and covered even a single act of sexual intercourse.

By inference it might perhaps be said that this case holds that *at least* a single act of sexual intercourse (though *only* a single act) is necessary to complete the offense. But such is not the case. The contention appears to have been that the words "or for any unlawful sexual intercourse," following immediately the words "for the purpose of prostitution," did not mean *a single act* of sexual intercourse. And the court held as aforesaid. But the court did not say that such single act was necessary to complete the offense, and that it would not suffice if it was merely the *intent* of the abductor to have but one act of intercourse.

The mention therein of a "statute of Pennsylvania" arose evidently from a mistake as to the meaning of the abbreviation "Pen." Law (meaning Penal Law of New York) in 1 Corpus Juris, p. 287, note 64 (b). And the "Pennsylvania court" there quoted is the New York Court of Appeals in People v. Warden of City Prison, 207 N. Y. 354, 101 N. E. 167. But the very quotation shows that the *purpose* for which the woman is abducted—i. e., the *intent* of the abductor at the time of the abduction—and not his subsequent conduct towards her, is the essential element of the offense. See, also, 1 Corpus Juris, p. 290, note 99.

And moreover State v. Sanders, supra, quotes with approval the language of State v. Savant, 115 La. 226, 38 So. 974, wherein this court said:

"The title of Act 134, p. 175, of 1890, reads, 'An act making the abduction of women a crime.' Thus *the crime lies in the abduction.* The words 'for the purpose of prostitution,'

etc., are *merely* descriptive of the intent of the abduction." (Italics ours.)

And this is in accord with the rule which prevails generally, and which is thus stated in 1 Corpus Juris, p. 292 (section 20):

"Under statutes against the taking of a female for certain purposes the gravamen of the offense is the intention or purpose for which the female is taken; and the offense is therefore complete immediately upon the taking away with the intention at that time to accomplish a prohibited purpose, without regard to whether the purpose of the taking is accomplished or not, * * *" (citing many authorities, and particularly Henderson v. People, 124 Ill. 607, 17 N. E. 68, 7 Am. St. Rep. 391, annotated).

It is therefore not necessary under the statute to show that the abductor actually had sexual intercourse with the one abducted, although proof of such intercourse would be admissible to show intent. See State v. Savant, supra.

### Bill No. 3.

This bill was taken to the refusal of the trial judge to grant a new trial, and raises three points: (1) That the verdict is contrary to the evidence; (2) newly discovered evidence; and (3) disqualification of two jurors by reason of bias discovered since the trial.

[4] 1. With the question whether or not the verdict was contrary to the evidence, we have nothing to do. This court has no jurisdiction as to the facts touching the guilt or innocence of an accused.

[5, 6] 2. The newly discovered evidence bore upon the previous character of the prosecuting witness. The trial judge states that due diligence was not used to secure this evidence; that its existence was known to counsel before he closed his case, and no effort made to secure it then, nor delay asked for that purpose; that counsel stated to the jury that he had not attempted to prove bad character in the girl, and would not if he could (being of opinion that the state had not made out its case on other grounds); that the defendant had thus knowingly taken his chances before the jury in that condition of affairs, and cannot complain now that the verdict has gone against him. All of which accords with the note of evidence attached to the bill.

The granting or refusing of a new trial on the ground of newly discovered evidence is a matter which must necessarily be very largely in the sound discretion of the trial judge, and an appellate court will not interfere except when that discretion has been clearly abused. In the case before us we see no such abuse of discretion. Defendant was not entitled to a new trial under the showing here made.

3. There was some testimony taken to the effect that, before the trial, one of the jurors had expressed the opinion that the accused ought to be hanged, and another had stated that he had already heard enough to convict the accused if taken on the jury.

The two jurors were called and they denied that they were in any way biased against the accused or had made any such remarks as those attributed to them. The trial judge says: "These are good, honest, working men; and from all the evidence and circumstances I do not believe the jurors made any such remark." *Nor do we.*

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., concurs in the decree.