HAWTHORNE, Justice,
 

 (dissenting).
 

 As I understand the majority opinion, the verdict and sentence of the lower court were reversed because of the “variance between the allegations of the indictment and the proof * * The majority opinion stated that the evidence clearly shows that the defendants were convicted on proof offered for prospecting for oil on a public highway without the consent of the person who owned the soil and the mineral rights under the right of way, and that it was manifest error to admit this evidence.
 

 If the majority of this court means by ■the above that the evidence was insufficient to prove the charge, this court is without jurisdiction, and has no right to review the evidence because this presents only a question of fact, and this court has jurisdiction only of questions of law in criminal cases. La.Const. of 1921, art. 7, Sec. 10; State v. Green, 111 La. 89, 35 So. 396; State v. Nolan, 129 La. 935, 57 So. 274; State v. Davis, 158 La. 21, 103 So. 391; State v. Kilshaw, 158 La. 203, 103 So. 740; State v. Bonner, 193 La. 387, 190 So. 621. If the majority opinion means that there was no evidence in this case on some essential element of the crime charged, in my opinion the record shows that there is some evidence, no matter how little, that these defendants prospected for oil and gas by means of a mechanical device, a gravity meter machine, on the private property of George B. Franklin without his consent.
 
 *493
 
 It is only where there is no evidence at all upon some essential element of the crime charged that the Supreme Court may set aside a verdict. State v. Hollingsworth, 137 La. 478, 68 So. 834; State v. Holder, 159 La. 82, 105 So. 232; State v. McDonell, 208 La. 602, 23 So.2d 230.
 

 The evidence shows that most of the markers, indicating reading stations, were placed by the defendants during the survey on the right of way, -but that some of them were on the private property of George B. Franklin; that the gravity meter crew worked all of the stations, except two or three, and those worked included stations indicated by markers on the private property of George B. Franklin; that the purpose of the survey was to survey the property of George B. Franklin. The evidence also shows that the gravity meter crew never took their truck off the- highway or rights of way through George B. Franklin’s property. In my opinion all of this evidence was admissible to prove the crime charged. As to the truth or falsity of any of this evidence, or its sufficiency, we are not vested with authority to decide, but in my opinion it contains some evidence that the prospecting operations were on the private property of George B. Franklin.
 

 The essential elements of the crime charged against these defendants, as I read the statute, are, first, to prospect for oil or gas or other minerals; second, by means of any mechanical device, and, third, on private property without the consent of the owner. No issue is made of the fact that the defendants were prospecting for oil and gas by means of a mechanical device and without the consent of George B. Franklin; therefore, the sole issue in regard to the proof of the elements of the crime is whether this prospecting was done on the private property of George B. Franklin.
 

 I submit that for there to be some evidence on this element of the crime it was not absolutely necessary for the State to show that the mechanical device itself was physically on the private property. The showing that the defendants actually established reading stations on the private property while prospecting, as indicated by the markers and streamers thereon, that they worked the survey with a gravity meter machine, and that the purpose of the survey was to survey the property of George B. Franklin, is, in my opinion, some evidence of this element of the crime. This court, therefore, is without jurisdiction to reverse the verdict and sentence upon a consideration of the evidence in this case.
 

 I respectfully dissent.