MILLER, Judge.
Plaintiff Carol Lynn Bertrand brought this suit individually and as provisional tu-trix of her minor son, Jack Warren, III, seeking to prove defendant Jack Warren, Jr. 1) was the father of her child and 2) owed child support. Warren appeals the trial court judgment declaring him to be the father of her child and awarding $65 per month as child support. We affirm. Both parties agree that LSA-C.C. art. 210 is the relevant law for this case :• — •
The oath of the mother, supported by proof of the cohabitation of the reputed father with her, out of his house, is not sufficient to establish natural paternal descent, if the mother be known as a woman of dissolute manners, or as having had an unlawful connection with one or more men (other than the man whom she declares to be the father of the child) either before or since the birth of the child.
The facts are not disputed. Warren began seeing Miss Bertrand sometime in October 1972. They became intimate and had relations some eight to ten times according to Warren and some eighty to a hundred times according to Miss Bertrand. Their relationship continued until the pregnancy was discovered in June 1973. The child was born October 7, 1973.
Warren admitted the child could be his, but was doubtful because he had a low sperm count when examined many years before. This was discovered when he and his wife of many years ago did not have children.
Warren, Miss Bertrand and the child submitted to blood tests which did not rule out the possibility of Warren’s paternity.
Miss Bertrand admitted she had relations with another man ten years before she met Warren, and admitted having sexual relations with Warren on their first date. There is no other evidence indicating she had relations with another man, and no attempt was made to prove she had relations with anyone other than Warren during the interval when it was possible for her child to have been conceived.
Warren has failed to establish manifest error in the trial court’s conclusion that Warren “failed to show that the mother was known as a woman of dissolute manners, or that she had an unlawful connec *507 tion with one or more men (other than the defendant) within the contemplation of the jurisprudence.”
Defendant must establish the mother is “loose from restraint; especially loose in morals and conduct; debauched” to show her to be dissolute. Rousseau v. Bartell, 224 La. 601, 70 So.2d 394 (1954). The requirement was further delineated as “traits of character” in Ferguson v. Cascio, 158 So.2d 471 (La.App. 2 Cir. 1963). Warren contends the burden was carried when the mother admitted to relations on his first date together with her admission of relations with another man ten years before. These two facts are not in themselves sufficient evidence of a habit or pattern of conduct to establish manifest error in the trial court decision.
Warren’s second contention is that LSA-C.C. art. 210 expressly rules out his paternity — for she admitted a prior connection with another man some ten years before his relationship commenced. This provision was considered in McConkey v. Pinto, 305 So.2d 469 (La.1974). The court held a single act of intercourse more than a year after birth of the illegitimate child did not fall within the purview of this article because it was not relevant to “the premise that the mother was dissolute at the time of conception.” McConkey, 305 So.2d 469 at 471. Such evidence would not further .the purpose of the provision — to prevent the mother from choosing as father any one of several men with whom she had been intimate at the time of conception. While the circumstances of this mother’s intercourse with another man are not as favorable to this mother as in Mc-Conkey, the extreme remoteness in time is just as relevant. The admitted incident is not of sufficient relevance to the issue of this child’s paternity so as to prohibit the mother’s proof of paternity under art. 210.
The trial court judgment is affirmed at appellant’s costs.
Affirmed.