MARVIN, Judge,
dissents.
I agree with the majority that this case is to be decided solely on that part of CC Art. 210 relating to the mother of the child
“having had an unlawful connection with one or more men (other than the man whom she declares to be the father of the child) either before or since the birth of the child.”
Unlawful connection in Art. 210 means sexual intercourse without the benefit of marriage. See State v. Savant, 115 La. 226, 38 So. 974, 975 (1905); McConkey v. Pinto, 289 So.2d 540, 541 (La.App. 4th Cir. 1973), reversed on other grounds, 305 So.2d 469 (La.1974).
The policy of Art. 210 has remained unchanged since 1825 and is clear in its pronouncement:
“The oath of the mother, [even though] supported by proof of cohabitation of the reputed father with her, out of his house, is not sufficient to establish natural paternal descent, if the mother be known as a woman of dissolute manners, or as having had an unlawful connection with one or more men (other than the man she declares to be the father of the child) either before or since the birth of the child.”[1] Bracketed material and emphasis supplied.
If the policy of 210 is to be changed to require the unlawful connection to occur during the period of time that the child could have been conceived, it is for the legislature to make the change and not the courts. This is especially true where the policy is of long standing. See Barnett v. Barnett, 339 So.2d 495 (La.App. 2d Cir. 1976).
Here the mother admits to having had unlawful sexual intercourse with a man other than defendant whom she stopped dating in January 1975 and as the majority indicates, she may have had unlawful sexual intercourse with two other men sometime before she met defendant in November 1975. This child was conceived about June 12, 1976.
McConkey concerned a child born in February 1968. The Court of Appeal applied Art. 210 and barred the mother from proving paternity because she married one Jimmy Gray in April 1969 and gave birth to a child in November 1969, which was conceived, according to expert testimony, “at least four days prior to marriage.” The Court of Appeal held that because the mother had an unlawful connection with Jimmy Gray her proof of paternal descent was “insufficient.”
On a writ of review, the Supreme Court clearly held that Art. 210 was inapplicable *896 and that the case would be decided as an acknowledgment case under Art. 209:
“We do conclude, however, that Article 210 is inapplicable for other reasons advanced by plaintiff.
* * * * * *
“. . . In effect, the defendant acknowledged or called the child as his. In our opinion, the proof fulfills the requirements of paragraph 2 of Article 209 ...” 305 So.2d 471
The paragraph of about two dozen lines omitted from the above McConkey quotation as indicated by the asterisks, did discuss broadly and loosely, and without definitiveness, why Art. 210 was perhaps inapplicable.[2] McConkey in hazy dicta in the paragraph in question, stated only in my opinion
. . plaintiff’s child [though] conceived a few days prior to marriage . is conclusively presumed to be legitimate . The conception of such a child [conclusively presumed to be legitimate] does not constitute an unlawful connection . . . within the contemplation of Article 210 . . . Illicit relations after the birth of a child are relevant in that they support the premise that the mother was dissolute [within the meaning of Art. 210]. The showing . . .relating to the birth of a legitimate child, is insufficient to produce a disqualification [under the part of Art. 210 referring to the mother’s reputation as a dissolute woman].” Bracketed material and emphasis supplied.
McConkey apparently equated reputation as a dissolute woman as synonymous with her having had an unlawful connection. I view them differently because of the or in the article. In my view a woman may be indiscreet or somewhat promiscuous (having had more than one unlawful connection) without being known as a “dissolute woman” such as a call girl, a prostitute or an easy mark. The unlawful connection in my opinion can be proved only by facts while the dissoluteness can be proved only by reputation (“known as a dissolute woman”). In any event, however, if an unlawful connection after the birth of an illegitimate is relevant on the question of dissoluteness under McConkey, it should be equally relevant and not remote so as to trigger what I believe is the second bar of Art. 210. One unlawful connection, beside that with the alleged father, either before or after the birth of the child, even though the mother is not known as a dissolute woman, enervates the oath of the mother as to paternal descent in the express language of Art. 210.
Whether or not dicta with respect to Art. 210, McConkey did not hold that a true unlawful connection occurring after the birth of an illegitimate child was insufficient to produce a 210 disqualification. If so, why the statement that illicit relations after the birth are relevant as to dissoluteness? As to Art. 210, McConkey said only and nothing more than that an act of sexual intercourse, even before marriage, which produces a legitimate child because the mother marries her partner, does not constitute an unlawful connection within the meaning of 210.
Thus I respectfully, but strongly disagree with the majority’s statement that “under the rationale of McConkey these remote relations [of this plaintiff] would not disqualify plaintiff from using Article 210.” The rationale of McConkey does not change Art. 210 to add that the unlawful connection must be concurrent with the time in which the child could have been conceived before the disqualification is applicable. What could be more remote to the time of conception than intercourse after the birth of the illegitimate? This act is relevant *897 according to McConkey on dissoluteness, McConkey does not change Art. 210 as the majority here has changed it.
I dissent because of this court’s misconstruction of the dicta in McConkey and because it is for the legislature and not this court to change the policy of Art. 210, if it is to be changed.

. “. . [Art. 210] prohibits a judicial determination of paternity based solely on proof of cohabitation and the testimony of the mother, if she has been promiscuous ... it merely displays a legislative distrust of the oath-plus-cohabitation evidence by declaring that conclusive weight cannot be given to it standing alone. Cf. McConkey v. Pinto, 305 So.2d 469 (La., 1975); Ogborn v. Bush, 255 So.2d 199 (La.App. 4th Cir. 1974).” Succession of Washington, 308 So.2d 892, 896 (La.App. 2d Cir. 1974)

. This paragraph expressly states that “[i]llicit relations after the birth of the child are relevant . . [to] the premise that the mother was dissolute at time of conception.” Bertrand v. Warren, 326 So.2d 505, 507 (La.App. 3d Cir. 1976), in attempting to gather meaning from this paragraph, said that McConkey held
“[that] a single act of intercourse more than one year after the birth of the illegitimate child . . . was not relevant to ‘the premise that the mother was dissolute at the time of conception.’ ”
Thus it is obvious that the McConkey paragraph requires some clarification or further treatment by our highest court.