## COURT OF APPEALS,
### February 25, 1913.

# THE PEOPLE EX REL. ROBERT HOWEY v. THE WARDEN OF THE CITY PRISON.

(207 N. Y. 354.)

(1). ABDUCTION *—CHARGE OF, NOT SUPPORTED BY EVIDENCE OF ENTICING WOMAN TO UNFREQUENTED ROADSIDE AND ATTEMPTING A SINGLE ACT OF INTERCOURSE.

Subdivision 2 of section 70 of the Penal Law (Cons. Laws, ch. 40) provides that a person is guilty of abduction who "inveigles or entices an unmarried female, of previous chaste character, into a house of ill fame or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse." *Held*, that the charge of abduction is not supported by evidence of inveigling or enticing a woman to an unfrequented roadside and there attempting to have a single act of intercourse with her; that the test of guilt is not necessarily the character of the place to which the woman is taken, but rather whether she is enticed into some place for purposes of common prostitution, as generally understood.

(2.) SAME—WHEN DEFENDANT CANNOT BE HELD ON SAME EVIDENCE UPON CHARGE OF ATTEMPT TO COMMIT RAPE IN ANOTHER COUNTY.

Where the warrant of commitment is the sole authority for the confinement which is being inquired into in a habeas corpus proceeding, and where it specifies as the crime with which the accused is charged an offense which is not supported by the evidence, and wholly fails to specify the crime which the evidence does tend to establish, it is not simply "irregular" and may not be made the basis for holding the accused on account of the latter offense, under the provisions of section 2035 of the Code of Civil Procedure.

(3.) SAME.

On examination of the evidence produced on the return to this proceeding, *held*, that it does not fairly permit the inference that relator entered into a conspiracy in the county in which the defendant was arrested, and held to commit rape on the complainant, and that he should not be held on that charge.

*People ex rel. Howey* v. *Warden, etc.*, 152 App. Div. 912, affirmed.

---

* See Notes 16-399.

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered September 10, 1912, which affirmed an order of Special Term sustaining a writ of habeas corpus and discharging the relator from custody.

The facts, so far as material, are stated in the opinion.

*James C. Cropsey, D'strict Attorney* (*Hersey Egginton* and *George H. Folwell* of counsel), for appellant. The commitment was valid because there was some evidence before the magistrate to show the commission of the crime charged and probable cause to believe the defendant guilty thereof. (*Matter of Renry,* 13 Misc. Rep. 734; People ex rel. Bungart v. Wells, 57 App. Div. 140; People ex rel. Lanci v. O'Reilly, 129 App. Div. 522; People ex rel. Murphy v. Crane, 80 App. Div. 202; People ex rel. Farley v. Crane, 94 App. Div. 397; People ex rel. Smith v. Van de Carr, 86 App. Div. 9; *Ex parte Carll,* 106 U. S. 521; People ex rel. Perkins v. Moss, 187 N. Y. 410.) The facts as stated in the depositions attached to the committing magistrate's return, and as developed upon the examination preliminary to the commitment, constitute the crime of abduction as charged. (People v. Sullivan, 4 N. Y. Cr. Rep. 193; People v. Miller, 143 App. Div. 251; People ex rel. Willett v. Quinn, 150 App. Div. 813; *Matter of Paul,* 94 N. Y. 497; People v. Pillion, 78 Hun, 74; People v. Flaherty, 79 Hun, 48; 145 N. Y. 597; People v. Robertson, 88 App. Div. 198; People v. De Leon, 109 N. Y. 226; Schnicker v. People, 88 N. Y. 192; Beyer v. People, 86 N. Y. 369.)

*Robert H. Wilson* and *Edward J. Byrne* for respondent. There is no evidence of abduction under the statute. (Penal Law, § 70, subd. 2; State v. McCrum, 38 Minn. 154; Miller v. State, 121 Ind. 294; Nichols v. State, 127 Ind. 406; Anderson v. Camden, 52 N. J. L. 289; State v. Schuchmann, 133 Mo.

111; People v. Richards, 108 N. Y. 137; Carpenter v. People, 8 Barb. 603; Burks v. Bosso, 180 N. Y. 341; People v. New York Railroad, 84 N. Y. 565; *Matter of Hermance,* 71 N. Y. 481.)

Hiscock, J.   The relator sued out a writ of habeas corpus, which thus far has been sustained, to procure his release from imprisonment under a warrant of commitment issued by a city magistrate of the borough of Brooklyn.   On the return of this writ it appeared that the relator had been arrested under a warrant of arrest issued by said magistrate on the complaint or information of one Cecelia Young, corroborated by the affidavit of one Ruth Wollman, charged with the crime of abduction under subdivision 2, section 70 of the Penal Law (Cons. Laws, chap. 40) and which provides that a person is thus guilty of abduction who " Inveigles or entices an unmarried female, of previous chaste character, into a house of ill fame or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse."

On the return of said warrant of arrest the People rested on the information and affidavit, but the complainant and said Ruth Wollman were produced and subjected to an exacting and skillful cross-examination by the relator's counsel.   The information, affidavit and evidence then produced and now returned in answer to the present writ in the aspect most favorable to the People disclose, amongst others, these substantial facts:

The complainant and Miss Wollman, unmaried young women residing in Brooklyn, before the occasion in question had some acquaintance with the relator and one Wolfe, and with one or both of them in company with another man they had taken quite extended evening automobile trips.   As the result of this acquaintance and experience, apparently aided by deception as to the expected presence of another male friend of complainant, Wolfe on the night in question persuaded the latter and

Miss Wollman to agree to take another automobile trip and for that purpose called for them with a car. When these persons reached a certain restaurant, where the young women expected to find their acquaintance, it was learned that he would not be in the party and the relator in his place became attached. After learning of the deception as to the personnel of the proposed party, the young women insisted on going home, and after proposing to walk they finally entered the motor car with Wolfe and the relator for the purpose of being taken there. After going some distance it was proposed and assented to by the complainant and her companion that instead of going home a short ride should be taken. As a matter of fact this ride was continued without any particular objection on the part of the young women to a pleasure resort several miles distant in Queens county where against their protests the party stopped and, they included, indulged in eating, some drinking and dancing. When the party started for home the pretense was made first that the engine of the automobile had frozen, and then, after going some distance, that the gasoline had given out, with the result that finally at about two o'clock in the morning the complainant and relator left the car and started on an unfrequented road to obtain gasoline, and at this juncture the relator attempted to commit rape on the former.

All of the preliminary proceedings up to and including the time when with the consent of the young women the party started for a ride instead of taking the former to their homes, occurred in the county of Kings. The attempted rape was committed in the county of Queens, but for some reason which does not appear instead of instituting proceedings in the latter county based on the alleged rape, proceedings were instituted in the county of Kings before a magistrate for alleged abduction. The warrant of commitment issued at the close of the examination and under which has ensued the confinement from which relator has sought release by the present writ followed

the information and specified as the crime for which he was committed that of abduction as defined by the provision which has been quoted.

We are all agreed that the evidence produced before the magistrate did not tend to establish the commission by the relator of the crime of the abduction as thus charged in the information and specified in the warrant of commitment. We agree that this charge is not supported by evidence of enticing a woman to an unfrequented roadside and there attempting to have a single act of intercourse with her. We do not concur in the proposition which has been urged by the accused that the offense defined by the statute could not be consummated unless the woman was enticed into some resort of ill fame. To our minds the test of guilt is not necessarily the character of the place to which the woman is taken, but rather whether she is enticed into some place for purposes of common prostitution, as generally understood, and, inasmuch as this subject is fully discussed in the dissenting opinion of Judge BARTLETT I shall not dwell on it at greater length.

It is, however, urged that, although the evidence before the magistrate did not warrant the commitment and confinement of the relator on the charge specified, it did tend to establish the commission by him in the county of Kings of the crime of conspiracy to commit rape, and that, therefore, it was the duty of the justice before whom this writ was made returnable to hold him to bail in accordance with the provisions of section 2035 of the Code of Civil Procedure. That section provides: " If it appears that the prisoner has been legally committed for a criminal offence, or if he appears by the testimony offered with the return, or upon the hearing thereof, to be guilty of such an offence, although the commitment is irregular, the court or judge, before which or whom he is brought, must forthwith make a final order, to discharge him upon his giving

bail, if the case is bailable; or, if it is not bailable, to remand him."

This proposition precipitates the inquiry whether a warrant of commitment which specifies as the crime with which the accused is charged, and for which he is held to answer, an offense which is not supported by the evidence and wholly fails to specify an entirely different crime which the evidence does tend to establish, is simply " irregular " and may be made the basis for holding the accused in habeas corpus proceedings on account of the latter offense. It seems to me that this cannot be the meaning of the section.

The warrant of commitment is the sole authority for the confinement which is being inquired into in the habeas corpus proceedings. The statute requires that it shall specify the offense which the imprisoned party is charged with (Code Criminal Procedure, sections 213, 214) and the authorities determine that this requirement is so essential and fundamental that a warrant which fails to comply with it is wholly ineffective and void. (People ex rel. Allen v. Hagan, 170 N. Y. 46; 16 N. Y. Crim. 309.)

This being so, it seems to follow that a judge sitting in habeas corpus proceedings would have no authority to remand the accused for further confinement under this warrant of commitment because the evidence disclosed to his mind the probable commission of a crime by the accused radically differing from the one named and with which he had never been charged, and as to which no examination had taken place, and on which he had never been committed by the magistrate who alone had authority to commit. Such a result would involve not the disregard of a mere irregularity in the warrant but practically the commission of the accused to confinement by a new warrant made by the judge in a habeas corpus proceeding rather than by the committing magistrate.

I believe that what the section in question contemplates and

provides for are those practically immaterial errors in the description or nomenclature of the crime or in the form of the warrant which might well be overlooked when the evidence disclosed the probable commission by the accused of a crime substantially and fairly described in the warrant. This section is found in the Code of Civil Procedure, and this interpretation would be in accordance with sections 721-730 of the Code which provide generally for the disregard of inconsequential errors. The other view which has been suggested would be more in accordance with a holding that the statement in the complaint of a wrong cause of action was an irregularity which might be overlooked without amendment.

Little law is to be found on this question but whatever there is seems to sustain the view which I have taken. (People v. Budge, 4 Parker's Crim. Repts. 519, 522; *Matter of Nichols,* 4 N. Y. S. R. 659.)

But beyond what has been said on this question, I do not think that the evidence produced on the return to this proceeding fairly permits the inference that relator in the county of Kings entered into a conspiracy to commit rape on the complainant, and I do not feel that the true interests of justice will be subserved by straining to hold him on this charge at this time. If the evidence of complainant and her witness is true, the relator was guilty of an easily defined crime of a grave and particularly abhorrent nature in the county of Queens, and there he may without any question be tried and if found guilty punished by an adequate imprisonment of several years. If he should be held and tried, and convicted on the charge of conspiracy to commit rape, as is now suggested, the offense would be a mere misdemeanor for which he could be imprisoned not to exceed a year (Penal Law, sections 580, 1937), and the question whether a prosecution for conspiracy to commit a rape, even though unsuccessful, would not be a bar to a prosecution for the actual attempt to commit rape because of the

identity of the facts tending to establish both crimes is, in my opinion, altogether too serious a one to be invited in this case, with the possible.result of a serious miscarriage of justice.

For all these reasons I think that the order appealed from should be affirmed.

WILLARD BARTLETT, J. (dissenting).   Upon an information verified by Cecelia Young. on March 5th, 1912, charging the relator with the crime of abduction in violation of subdivision 2 of section 70 of the Penal Law the relator was held by a city magistrate to answer to the County Court of Kings county and was committed to the custody of the warden and keeper of the city prison in Brooklyn.   The relator sued out a writ of habeas corpus on the ground that the depositions before the magistrate were insufficient to justify the issue of the warrant.   The sufficiency of the commitment on its face was not questioned, but it was alleged in behalf of the relator that the evidence did not suffice to establish reasonable ground to believe that he had committed the crime of abduction or any other crime within the county of Kings.   Although the courts have repeatedly deprecated a resort to habeas corpus proceedings as a substitute for a writ of error or appeal except in cases involving questions of constitutional law where the facts cannot be changed (People ex rel Collins v. McLaughlin, 194 N. Y. 556), I suppose the present proceeding is maintainable under the authority of People ex rel. Perkins v. Moss (187 N. Y. 410; 20 N. Y. Crim. 569).   The learned judge before whom the writ was returnable at Special Term sustained the position of the relator, holding that the information and depositions before the magistrate did not make out a *prima facie* case of abduction under the statute.

The prosecution was sought to be sustained under subdivision 2 of section 70 of the Penal Law which provides that a person who " inveigles or entices an unmarried female, of

previous chaste character, into a house of ill-fame or of as-
signation, or elsewhere, for the purpose of prostitution or
sexual intercourse," is guilty of abduction, and punishable
by imprisonment for not more than ten years or by a fine of
not more than ten thousand dollars, or both.    In the view
adopted at the Special Term a charge of abduction under this
enactment is not maintainable upon proof of enticing a woman
into a lonely field at night for the purpose of a single individual
act of sexual intercourse.    It was held that the place into
which the female is inveigled " must to some extent be a place
for purposes of prostitution or assignation, and unless it has
been previously so used the offense does not come within the
subdivision."

I am not inclined to construe subdivision 2 of section 70
of the Penal Law as narrowly as this.    It matters not, in my
opinion, what has been the previous character of the place
to which the woman is enticed provided the purpose of taking
her thither is to compel her to become a prostitute or to have
indiscriminate sexual intercourse with men for money.    As
was held of a similar statute in Miller v. State (121 Ind. 294)
the offense defined by the provision under consideration con-
sists in alluring a female of chaste character to a house of
ill fame or elsewhere " for the purpose of prostitution, that
is, for the purpose of having common, indiscriminate, mere-
tricious commerce with men, and not merely for the purpose of
having sexual intercourse with the party who enticed or took
her away."    If this construction be correct, and I think it is,
the proofs before the magistrate did not suffice to establish a
case of probable cause in support of the charge of abduction,
for it appears plainly from the depositions that the sole pur-
pose of the relator was to compel the complainant to have
sexual intercourse with himself.

It is provided by section 2035 of the Code of Civil Proce-
dure that if it appears upon the proceedings on the return of

a writ of habeas corpus that the prisoner has been legally committed for a criminal offense, or if he appears by the testimony offered with the return or upon the hearing thereof to be guilty of such an offense, although the commitment is irregular, the court or judge must forthwith make a final order to discharge him upon his giving bail if the case is bailable or if it is not bailable to remand him: Having reached the conclusion that the commitment in this case was irregular so far as the charge of abduction was concerned, it was incumbent upon the court at Special Term to inquire whether the prisoner appeared by the testimony to be guilty of any other criminal offense and if so to hold him to bail therefor; and accordingly we find in the order of discharge a recital to the effect that there were no facts showing the commission of or intention to commit the crime of abduction *or any other crime* within the county of Kings.

I think that this conclusion to the effect that there was no evidence in the depositions tending to prove the commission of any other crime within Kings county was erroneous. The facts sworn to by the complainant were ample to sustain a charge of attempted rape committed in Queens county; and I think that they also sufficed to make out a case of conspiracy to commit that crime cognizable by the courts in Kings county. When a crime is committed partly in one county and partly in another the jurisdiction is in either county. (Code Crim. Pro. § 134.) Without reviewing the painful and shocking details of the narrative which the complainant was compelled to give it is enough to say that the facts disclosed in the depositions and the inferences which might fairly be drawn therefrom if believed by a jury would sustain a finding that the relator and his male companion on the occasion of the alleged offense entered into a conspiracy in Kings county to entice the complainant and another young woman named Ruth Wollman to take an automobile excursion into Queens county

for the purpose of compelling the young girls to have sexual intercourse with them and to that end if necessary exercising force sufficient to constitute rape.  If this view be correct it seems to me that it was the duty of the court at Special Term to hold the relator to bail to await the action of any court having jurisdiction in Kings county upon a charge of such conspiracy.

WERNER, CHASE, COLLIN and HOGAN, JJ., concur with HIS-COCK, J.; CULLEN, Ch. J., concurs with WILLARD BARTLETT, J.

Order affirmed.