(157 App. Div. 379.)

### PEOPLE v. DECKENBROCK.

(Supreme Court, Appellate Division, Second Department. May 29, 1913.)

1. ABDUCTION (§ 1*)—OFFENSES.

   A 15 year old girl went with a man to a hotel of which accused was barkeeper and clerk, and accused asked the man his name and gave him two keys, after which the man wrote in the register the names of "B. and wife," and accused summoned a woman, who took the keys to the room and went upstairs, followed by the girl and man, the latter of whom remained one-half hour, when he came downstairs and was let out by accused. Penal Law (Consol. Laws 1909, c. 40) § 70, punishes one who receives, takes, uses, "or procures to be taken, received, employed or harbored or used, a female under the age of 18 years for the purpose of prostitution, or, not being her husband, for the purpose of sexual intercourse." *Held,* that accused was guilty under the statute.

   [Ed. Note.—For other cases, see Abduction, Cent. Dig. §§ 1–10; Dec. Dig. § 1.*]

2. ABDUCTION (§ 1*)—OFFENSES.

   A husband, who took or received his wife for such purpose with another, would be guilty under the statute.

   [Ed. Note.—For other cases, see Abduction, Cent. Dig. §§ 1–10; Dec. Dig. § 1.*]

3. STATUTES (§ 189*)—CONSTRUCTION—GRAMMATICAL CONSTRUCTION.

   The grammatical construction of a statute must yield to the evident intention thereof.

   [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 268; Dec. Dig. § 189.*]

Appeal from Trial Term, Kings County.

Barney Deckenbrock was convicted of abduction, and appeals from an order denying a motion for new trial and the judgment of conviction. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Meier Steinbrink, of Brooklyn, for appellant.

Edward A. Freshman, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Hersey Egginton, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

THOMAS, J. A girl, Turner by name, was 15 years old on January 21, 1912, and on January 8th, at 6:30 p. m., went with one Frank Granato in company with one Mabel Walsh, aged 14, and one Detore to a hotel in Myrtle avenue, where the defendant, Deckenbrock, was a bartender and clerk. Granato led the way, the others followed, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

were within arm's reach of defendant when he was at the desk. What Granato said to him Turner did not know; but defendant asked his name and gave him two keys, after Granato had written in the book, handed him by defendant, the names "Frank Brown and wife" and "Tony Smith and wife," in the presence of all. Then defendant summoned the woman Bougie, who took the keys and at defendant's direction went upstairs, followed by the party. Turner stayed there a half hour and, coming down, was let out by defendant. Walsh practically confirms Turner's story, and the presence of the defendant is not in dispute. Turner and Walsh were recalled, and testified that the couples were in adjoining rooms, with a door opening between them, and that the door was opened. The indictment charges that defendant—

"did feloniously take, receive, harbor, employ, and use, and cause and procure to be taken, received, harbored, employed, and used, and did aid and abet one Frank Granato to take, receive, harbor, employ, and use, one Nellie Turner, who was then and there a female under the age of 18 years, to wit, of the age of 15 years, for the purpose of sexual intercourse, with him, the said Frank Granato; he, the said Frank Granato, not being then and there the husband of the said Nellie Turner."

The case falls under subdivision 1, section 70 of the Penal Law (Consol. Laws 1909, c. 40):

"A person who: 1. Takes, receives, employs, harbors or uses, or causes or procures to be taken, received, employed or harbored or used, a female under the age of eighteen years, for the purpose of prostitution, or, not being her husband, for the purpose of sexual intercourse."

The question is whether the defendant, by doing what he did, offended the statute.

Section 282 of the Penal Code in 1884 was:

"A person who takes a female under the age of sixteen years for the purpose of prostitution or sexual intercourse," etc.

Under such statute, in People v. Plath, 100 N. Y. 590, 3 N. E. 790, 53 Am. Rep. 236, the defendant was indicted; but it appeared that the woman, to the defendant unknown, had voluntarily come to his concert saloon, and upon his invitation accompanied him to a part of the building where he took indecent liberties with her person. The decision is that his act was not a "taking" under the statute. The opinion states:

"There is nothing in the section of the act under which defendant was convicted making the employment of a female under 16 years of age for purposes of prostitution or sexual intercourse a criminal offense, except where it is accompanied with a taking of her person by some active agency for such purpose. The word 'takes' seems to be used to distinguish the act prohibited, from those where the female is merely received, or permitted and allowed to follow a life of prostitution, without persuasive inducement by the person accused."

This decision was in December, 1885. The act was amended on March 18, 1886 (chapter 31, Laws 1886), so as to make an offender a person who—

"takes, receives, employs, harbors or uses, or causes or procures to be taken, received, employed, harbored or used, a female under the age of sixteen years, for the purpose of prostitution, or, not being her husband, for the purpose of sexual intercourse."

As I understand, the learned counsel for the appellant proposes: (1) That under the recent decision in People ex rel. Howey v. Warden, 207 N. Y. 354, 101 N. E. 167, the test of guilt is whether she was taken, received, etc., for the purposes of common prostitution, rather than for a single act of intercourse; (2) that a person may take, receive, employ, harbor, or use, or cause the same, for the purpose of sexual intercourse with some other. than himself. But he modifies this second contention by the statement that:

"If one were to participate actively in aiding and abetting another in the defilement of such a female, we concede he might be held as an accessory."

[1] The argument, then, must be that by receiving the female and man, and providing them with a bedroom, the defendant did not participate actively in aiding and abetting. This is quite contrary to the holding of this court in People ex rel. Bougie v. McLaughlin, 153 App. Div. 908, 137 N. Y. Supp. 1135, where the woman convicted was the very one who was summoned by this defendant, and to whom he handed the keys, with the direction to show the persons to the room. If that was a legal conviction, this defendant is guilty as found. The indictment here charges also that the defendant aided and abetted Granato, and the Penal Law (section 2) provides:

"Principal. A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent."

The essential guilty act under the indictment is receiving and harboring the female for the purpose of sexual intercourse. It is not necessary to guilt that the intercourse result, although the consummation is evidence of the purpose. But in the receiving and harboring the defendant was an active participant. To him was delegated the power to withhold or to furnish the room for the purpose for which the parties had come, nor is his guilt the less that, as a servant to the keeper of the house, he aided Granato. Without his interposition there could not then and there have been "receiving" or "harboring."

In this view of the case I do not appreciate the argument that there could be no violation of the statute, because it was not the purpose that the defendant should have intercourse with the female. If his acts aided and abetted, he was guilty. Section 70, however, as I judge, does not mean that the taking, receiving, harboring, is for the purpose of prostitution only. The statute plainly says "for the purpose of prostitution, or * * * for the purpose of sexual intercourse." Why doubt, when the language in plainest terms manifests the meaning?

[2] The words "not being her husband," interpolated as they are, may beget discussion, whether under this section a husband who took, received, or harbored his wife for the purpose of sexual intercourse with another, would be guilty. The section after the word "or," with proper words supplied from the earlier clause, would read:

"A person who, * * * not being her husband, takes, receives, employs, harbors, or uses, or causes or procures to be taken, received, employed, harbored, or used, a female under the age of eighteen years, for the purpose of sexual intercourse * * * is guilty of abduction."

If, then, he be her husband, can he, so far as this section is concerned, take, receive, etc., her for sexual intercourse with another? Again, if one not her husband receives, harbors, etc., her for intercourse with some one not her husband nor himself, does he go free?

[3] Grammatical construction yields to evidenced intention, and I have no doubt that the Legislature intended by the section to condemn any person, husband or otherwise, who took, received, etc., such a female for sexual intercourse with any person not her husband. In any case, it did intend to denounce persons generally who abducted such a female for sexual intercourse with any person other than her husband, and if it is not broad enough to cover the husband as an abductor, there is no reason why all participating should escape, unless it be proven that they did the act for their own lust. The evil to be denounced was not alone abduction by a man for his own indulgence, but by men for any and all illicit intercourse; nor do I suppose that it was in the legislative thought that husbands were taking their wives under 18 years of age for the purpose of sexual intercourse with some other person. If it be said that the practice of men using their wives for hire for prostitution or for sexual intercourse was known, then it is answered that the Legislature recognized this in the enactment of sections 1090 and 2460 of the Penal Law.

The judgment of conviction should be affirmed.