# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## May 31, 1918.

## THE PEOPLE v. LORLYS ELTON ROGERS

### (183 App. Div. 604.)

(1.) INDUCING WOMAN TO LIVE AS KEPT MISTRESS—PENAL LAW, SECTION 2460, SUBDIVISIONS 2 AND 3, CONSTRUED.

An indictment which alleges the defendant feloniously enticed a certain woman to reside with him for immoral purposes, she being his kept mistress and not his wife, charges a crime within subdivision 2 of section 2460 of the Penal Law.

(2.) INDICTMENT—PENAL LAW, SECTION 2460.

But another count in the indictment which charges the defendant with feloniously inducing and enticing said woman for the purpose of concubinage with him, and a further count which charges him with feloniously inducing said woman for immoral purposes to have sexual intercourse with him, do not state a crime within subdivision 3 of section 2460 of the Penal Law.

(3.) SAME.

Subdivision 3 of section 2460 of the Penal Law, making it a crime to "induce" a woman for immoral purposes lacks the clarity which is essential to a valid criminal statute.

(4.) SAME.

But by eliminating the word "or" before the words "to enter any house of prostitution" said subdivision 3 of section 2460 of the Penal Law may be freed from obscurity and show an intention on the part of the Legislature only to make it a crime to induce, entice or procure a woman for immoral purposes to enter a house of prostitution.

CLARKE, P. J., dissented in part.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of

Bronx on the 29th day of June, 1916, allowing defendant's demurrer to the indictment herein, upon the ground that the facts stated therein do not constitute a crime.

*Francis Martin* of counsel (*Charles B. McLaughlin* with him on the brief), for the appellant.

*Lewis Stuyvesant Chanler,* for the respondent.

SMITH, J.:

There are three counts in the indictment. In the first count the defendant is charged with the crime of compulsory prostitution of women, in that the defendant " feloniously did induce, entice and procure a certain woman, namely, Ida Walters, otherwise called Ida Rogers, to reside with him, the said Lorlys Elton Rogers, for immoral purposes, to wit, she, the said Ida Walters, otherwise called Ida Rogers, being then and there the kept mistress and not the wife of him, the said Lorlys Elton Rogers." The second count in the indictment charged the defendant with the crime of compulsory prostitution of women, in that he " did feloniously induce, entice and procure a certain woman, to wit, Ida Walters, otherwise called Ida Rogers, for the purpose of concubinage with him, the said Lorlys Elton Rogers, the said Ida Walters, otherwise called Ida Rogers, not being then and there the wife of him, the said Lorlys Elton Rogers." In the third count the defendant was charged with the crime of compulsory prostitution of women in that the said defendant " feloniously did induce, entice and procure a certain woman, to wit, Ida Walters, otherwise called Ida Rogers, for immoral purposes, to wit, to have sexual intercourse with him, the said Lorlys Elton Rogers, the said Ida Walters, otherwise called Ida Rogers, not being then and there the wife of him, the said Lorlys Elton Rogers." This indictment attempts to

state crimes under subdivisions 2 and 3 of section 2460 of the Penal Law.

As to the first count in the indictment, I am unable to see why a crime is not stated. By subdivision 2 of section 2460 it is made a crime to entice any female to reside with a man for immoral purposes. This crime is specifically alleged in the first count of the indictment and I am unable to see any reason why it is not sufficiently alleged. There is nothing in the case of People v. Draper (169 App. Div. 479, 33 N. Y. Crim. 474), which holds any contrary rule.

As to the second and third counts of the indictment, which were found under subdivision 3 of section 2460, a more difficult question is presented. If that section be read literally it would be a crime " to induce a woman " " for immoral purposes." This is clearly an incomplete statement of any facts which could constitute a crime. A woman might be induced to cohabit with a man or might be induced to go into a house of prostitution, or might be induced to do other acts for immoral purposes, but to induce a woman for immoral purposes is entirely lacking in a clear statement of the facts constituting the crime. Clarity has always been held to be an essential of a valid criminal statute. The same may be said as to the charge of enticing a person for immoral purposes. Further, if the statute be read literally, it is a crime to induce a charity worker to enter a house of prostitution for whatever purpose. The district attorney will not contend that such was the intention of the Legislature. The statute has been bunglingly drawn, and if the statute cannot be interpreted to define by a clear statement the crime intended to be specified, the statute itself can furnish no basis for any prosecution. If, on the other hand, the word " or " before the words " to enter any house of prostitution " be omitted, the statute then becomes perfectly clear and

a crime is specifically stated, to wit, the inducement or entice-ment or procurement of a female for immoral purposes to enter any house of prostitution in the State. That this word may be omitted in the construction of the statute is in accordance with the rule laid down by Black on Interpretation of Laws (at p. 83) which says: " It is the duty of the courts to give effect, if possible, to every word of the written law. But if a word or clause be found in a statute which appears to have been inserted through inadvertence or mistake, and which is in-capable of any sensible meaning, or which is repugnant to the rest of the act and tends to nullify it, and if the statute is com-plete and sensible without it, such word or clause may be re-jected as surplusage."

It is also held that words may be interpolated in a statute for the purpose of making the statute sensible and effective. (Black, Interp. Laws, 84.) This was held to be the proper con-struction of this statute in People v. Draper (169 App. Div. 479, 33 N. Y. Crim. 474).

There can be no doubt that where a statute is not clear, re-sort may be had to the history of the statute, as well as to the decisions of the court interpreting analogous statutes, in order to ascertain, if possible, its actual intendment. That this statute is entitled " Compulsory prostitution of women " does not control our interpretation of provisions in the statute, which clearly do not refer to compulsory prostitution. Where, however, those provisions are obscure, the title of the statute is properly referred to as giving some light upon the intention of the Legislature. Subdivision 2 of section 70 of the Penal Law provides that a person is guilty of abduction who " inveigles or entices an unmarried female, of previous chaste character, into a house of ill-fame or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse." Our Court of Appeals unanimously held that the charge was not supported by showing enticement of a woman to an unfrequented roadside

and there attempting to have a single act of intercourse with her, but that the abduction must be for the purpose of common prostitution, as generally understood. (People ex rel. Howey v. Warden, etc., 207 N. Y. 354, 29 Crim. 166.) The dissent of Judge BARTLETT in that case did not question this proposition. Now that was the interpretation by our Court of Appeals in 1913 of our own statute. But in the Bitty and Caminetti cases in the United States Supreme Court, called to our attention (United States v. Bitty, 208 U. S. 393; Caminetti v. United States, 242 id. 470), are construed entirely different statutes. If they may be deemed conflicting in principle with the decisions of our Court of Appeals, we are still bound to follow the construction given to our statutes by our highest court. If, as contended, it be a crime to "induce a person for immoral purposes," then both fornication and adultery are within its provision. Yet the Legislature thought it necessary by special act to make adultery a crime and no special act has been passed making fornication a crime. (See Penal Law, §§ 100–103; Laws of 1907, chap. 583, adding to Penal Code §§ 280a, 280b.) The construction which I have placed upon this statute is thus in accord with the decisions of our courts and with contemporaneous and subsequent legislation. In the light of such decisions and such legislation and in view of the incompleteness and obscurity of the law as the district attorney would have it interpreted, the imperative conclusion is that the Legislature intended by subdivision 3 of section 2460 of the Penal Law only to make it a crime to induce, entice or procure a woman for immoral purposes to enter a house of prostitution.

The first count of the indictment is, therefore, held good, and the second and third counts defective.

The judgment sustaining the demurrers is, therefore, reversed.

2

DOWLING, PAGE and MERRELL, JJ., concurred; CLARKE, P. J., concurred as to first count and dissented as to second and third counts.

Judgment reversed. Order to be settled on notice.

---

## NOTE ON PENAL CODE, § 2460, COMPULSORY PROSTITUTION.

Section 2460, Penal Code, is derived from chap. 413, Laws of 1906.

The mere taking of a female to a house of prostitution by a man and remaining with her overnight, or for any period, would not constitute the offense under section 2460, Penal Code; it would require in addition that she be placed there with the intent that she should "live a life of prostitution" and it is well understood that mere meretricious relations with one man do not constitute prostitution. (People ex rel. Howey v. Warden, 207 N. Y. 354; 29 Crim. 166, and cases cited therein.)

No one subdivision of section 2460 is to be picked out and literally applied as the district attorney, or even parties, may suppose it to be read, but the entire section, relating to one general subject, is to be read and interpreted. (People v. Draper, 169 App. Div. 479.)

Subdivision 1 does not deal with the problem of compulsory prostitution of women, but with the "importation of women from foreign countries," etc., for immoral purposes, and makes any of the enumerated agencies or purposes a felony. (Id.)

Subdivision 2 deals with compulsory prostitution. It is when the conduct takes on a permanent character, when the active party dominates and dedicates the life of a woman to immorality that the act is made punishable. (Id.)

Subdivision 3 is not violated by a man procuring a companion for a wayward girl to take part in sexual intercourse, without any reward to the procurer, and to suggest that she should charge for sexual intercourse. (Id.)

Subdivision 4 formerly provided that "every person who shall knowingly receive any money or other valuable thing for or on account of procuring

and placing in the custody of another person, for immoral purposes, any woman with or without her consent,'' should be punished as therein provided.

It was held that where one knowingly received money, and knowingly procured women, and intended to deliver them for immoral purposes, the crime was complete, though the person to whom the women procured were delivered did not intend to carry out the purpose, but was acting at the instance of public officers. (People v. Moore, 142 App. Div. 402.)

A husband employing his wife in prostitution for hire violates section 2460. (Id.)

Subdivision 8, forbidding the acceptance of the proceeds or earnings of a woman engaged in prostitution, is not limited to the earnings of compulsory prostitution, but condemns the act of the manager of a disorderly house in sharing in a division of the earnings of prostitutes voluntarily therein, the amount received being without consideration. (People v. Fegelli, 214 N. Y. 670, mem.)

This section was cited in Matter of Palmieri (1916), 176 App. Div. N. Y. S. 799, rev'd on evidence, 221 N. Y. —, in which the respondent was disbarred for gross professional misconduct in connection with an indictment under this section. The corroborating evidence must go to some material element of the offense. (People v. Draper, 169 App. Div. 479.)