THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL JOSEPH FLORIO, GEORGE ROBERT GILL, JOSEPH CIGNA and JOHN FRANK LENTINI, Appellants.

Argued April 5, 1950; decided May 25, 1950.

*Edward H. Levine* for Michael Joseph Florio, appellant. I. The two kidnapping counts in the indictment should have been dismissed because of their inapplicability. (*People* v. *Plath,* 100 N. Y. 590; *People* v. *Camp,* 139 N. Y. 87; *People* v. *De Leon,* 109 N. Y. 226; *People* v. *Weiss,* 276 N. Y. 384; *People* v. *Gordon,* 258 App. Div. 916; *People* v. *Rosenthal,* 289 N. Y. 482.) II. Abduction, on the other hand, from earliest times, was connected with the crime of rape. The literal meaning of abduction is the unlawful taking and carrying away of a woman or girl. (*State* v. *Hopper,* 186 N. C. 405; *People* v. *Smith,* 114 App. Div. 513; *Regina* v. *Barrett,* 9 Car. & P. 387; *People* v. *Plath,* 100 N. Y. 590; *Beyer* v. *People,* 86 N. Y. 369; *Schnicker* v. *People,* 88 N. Y. 192; *People ex rel. Howey* v. *Warden,* 207 N. Y. 354; *People* v. *Deckenbrock,* 157 App. Div. 379.)

*Joseph Lonardo* and *D. Joseph De Andrea* for Joseph Cigna, John Frank Lentini and George Robert Gill, appellants. The proof establishes that the female's detention was solely for the purpose of sexual relationship. Therefore the crime of kidnapping has not been made out within the statutory intendment. (*People* v. *Ryan,* 232 N. Y. 234; *People* v. *Yannucci,* 283 N. Y. 546.)

*Charles P. Sullivan, District Attorney* (*Henry W. Schober* of counsel), for respondent. I. The judgment of conviction was amply sustained by the evidence. (*People* v. *Connor,* 126 N. Y. 278; *People* v. *Dohring,* 59 N. Y. 374; *People* v. *Bowles,* 2 N. Y. Crim. Rep. 447; *People* v. *Lytton,* 257 N. Y. 310; *People* v. *Clemons,* 37 Hun 580.) II. Defendants may be prosecuted for the crime of kidnapping even though, under the circumstances existing, they may also be charged with the crime of abduction. (*People* v. *Weiss,* 276 N. Y. 384; *People* v. *Hope,* 257 N. Y. 147; *People* v. *Rosenthal,* 289 N. Y. 482.)

CONWAY, J. All four defendants, by a general verdict, have been found guilty on six counts of an indictment which charged kidnapping, rape in the first degree and assault in the second

degree. The People proved beyond a reasonable doubt that the defendants, acting in concert and each aiding and abetting the other, inveigled the complainant into an automobile, detained and confined her there while transporting her between New York County and Queens County through Kings County, against her will and without authority of law.

The complainant had been visiting at the home of a neighborhood friend, in lower Manhattan. The defendants arranged a plan whereby two of them drove there and one inveigled complainant out of the house upon the pretense that the one who remained in the automobile was known to her. When she reached the automobile, and said that she did not recall ever seeing the defendant seated behind the wheel, she was induced to enter the car, since it was a cold March night and she was without hat or coat, while the defendant driver attempted to recall himself to her. As soon as she entered, the automobile was put in motion, the two other defendants were picked up at a nearby, prearranged meeting place, and complainant was forcibly confined and imprisoned in the automobile, while it was driven to an isolated spot in Queens County where each defendant raped her. Complainant had never seen any of the defendants before that night. The driver of the car subsequently admitted that he thought they were calling for another girl with a similar name, but that he realized his mistake immediately. Nevertheless, he said, " ' We started out for a girl; she was a girl, and we took her.' " We are all agreed that the guilt of the defendants of the acts just detailed was established beyond a reasonable doubt. (*People* v. *Yannucci*, 283 N. Y. 546.)

It is now urged upon us, however, that the acts proved did not establish the crime of kidnapping, however much they may have established rape and assault, because the complainant is a female and the purpose of the defendants in thus inveigling, detaining, confining and transporting her against her will and without authority of law was to commit the crime of rape in the first degree upon her.

Concededly, had the complainant been a man, the defendants' acts would have constituted the crime of kidnapping, since, under our statute, we have held that a wilful and intentional detention for an unlawful purpose against one's will and without authority of law constitutes the crime of kidnapping.

(Penal Law, § 1250, subd. 1; *People* v. *Hope,* 257 N. Y. 147; *People* v. *Small,* 249 App. Div. 863, 274 N. Y. 551.)

It is true that the detention inevitably occurring during the immediate act of commission of such a crime as rape or robbery would not form a basis for a separate crime of kidnapping. That, however, is not this case. Defendants' inveiglement, detention and confinement of a woman unknown to them against her will and without authority of law, constituted the separate and distinct crime of kidnapping. It was true kidnapping in the popular understanding as well as the legal " spirit and intent " of the statute. (*People* v. *Hope, supra,* p. 154.) The defendants could have been found guilty of kidnapping even if they had never carried out their purpose of raping complainant or had had some undisclosed or undiscovered purpose. (*People* v. *Hope, supra; People* v. *Small, supra.*)

As indicated, our statute and decisions require this conclusion. Insofar as here material, section 1250 of the Penal Law reads as follows:

" A person who wilfully: 1. Seizes, confines, inveigles, or kidnaps another, with intent to cause him, without authority of law, to be confined or imprisoned within this state    *    *    *    or in any way held to service or kept or detained, against his will    *    *    *    Is guilty of kidnapping    *    *    *."

In *People* v. *Hope* (*supra*) the defendant and two others by threats and intimidations confined a boy at night in the rear seat of an automobile, while compelling his companion, under threat of death, to drive the car as they directed. The purpose of the seizure was never disclosed. We held that the evidence sustained the charge of kidnapping under the above-quoted section 1250 which was then identical with its present wording, except that the word " secretly " in the phrase " to be secretly confined or imprisoned " was deleted by chapter 773 of the Laws of 1933. We there said (p. 150): " Kidnapping was a crime under the common law of England, and was defined by Blackstone (Vol. 4, p. 219) as ' the forcible abduction or stealing away of a man, woman, or child, from their own country and sending them into another.' * * * The common-law definition was extended in England at a very early day. (*People* v. *Camp,* 139 N. Y. 87.) The crime is now defined by statutes, in all of our States, which have greatly enlarged the

cases where conviction may be had. (*Smith* v. *State*, 63 Wis. 453; *People* v. *Camp, supra.*)''

We pointed out at page 152: '' The statute [§ 1250] must be given a reasonable construction in order to promote the efficient enforcement of the criminal law, to prevent crime and to promote the ends of justice. *The object of the statute and of the common law on the subject was the same, to secure the personal liberty of citizens and to secure to them the assistance of the law necessary to release them from unlawful restraint.*'' (Emphasis supplied.) And later we said (pp. 153–154): '' * * * McCarthy [one of the boys] was secretly seized in· the night under circumstances calculated to terrify him. His captors had guns which they threatened to use to kill him with if he moved. They forced him to take the rear seat in the car. They apparently intended to take him in the car to Long Island as Klemmer [the other boy] was told to drive there. They had complete control of his person; he was confined and imprisoned in the car. That was not a mere assault or imprisonment. He was secretly confined and imprisoned because his captors were concealing their purpose from the public by compelling Klemmer and McCarthy to appear to be willing participants in the automobile ride, when in fact they were compelled upon the threat of death to act as they did.

'' *The confinement and detention ·in the automobile for a short time, coupled with the intent, brings the case within the purview of the statute.* (*State* v. *Leuth, supra* [128 Iowa 189].)

'' It seems clear that under the common understanding of the term ' kidnapping ' the defendant is guilty of the crime charged and the facts bring the case within the spirit and intent of the statute.'' (Emphasis supplied.)

In the instant case, complainant's captors did not have a gun and they inveigled her into the automobile within the meaning of the statute instead of seizing her, but aside from these immaterial variations, the conduct of the present defendants and the conduct of the defendant in the *Hope* case (*supra*) are the same, and constitute the crime of kidnapping.

Likewise, in the *Small* case (*supra*), the complainant, a man, as he was returning to his home on a New York City street, was told by the defendants to enter an automobile standing at the curb. He was threatened with a pistol, his hat was pushed

down upon his face and he was shoved into the back seat of the automobile. He called for help, and as the automobile was backing out of its parking place, the defendants were arrested. The entire occurrence must have taken less than two minutes, and the purpose of the seizure was never disclosed, yet we unanimously affirmed a conviction of kidnapping. We held that the statute did not specify any length of time during which the victim must be detained to establish the crime but that any detention against one's will without authority of law, if wilful and intentional, is sufficient to constitute kidnapping.

In view of the wording of the statute and these two cases construing it, the conclusion is inescapable that the evidence in the instant case sustains the charge of kidnapping and requires affirmance.

It is also conceded that although the complainant was a female, it would have been kidnapping had the purpose of the defendants been extortion, blackmail, sodomy (*People* v. *Rosenthal,* 289 N. Y. 482) or any other crime not requiring that the testimony of the female be supported by other evidence. The argument of counsel seems to be that defendants who kidnap a girl with intent to rape her cannot be convicted of kidnapping because as to the separate crime of rape, the complainant's testimony must be supported by other evidence. It seems clear that counsel are attempting to read into the kidnapping statute a limitation which the Legislature has not seen fit to put there, either expressly or by implication. Such a strained view of the statute would result in the anomalous situation that a defendant tried for kidnapping a female would be able to defend upon the ground that, while he did kidnap the female, he intended eventually to rape her. Surely, that was not the intent of the Legislature and does not accord with " the common understanding of the term ' kidnapping ' ". (*People* v. *Hope, supra,* p. 154.)

Counsel also argue that since the purpose of the inveiglement and confinement was rape, the crime committed was abduction (Penal Law, § 70, subd. 3) and could not be kidnapping. In other words, that since the Legislature has defined two crimes, kidnapping and abduction, and has continued to define them for many decades, that therefore, the Legislature intended that kidnapping and abduction could not both be

committed, but that if a female were confined and imprisoned for the purpose of rape, her captor could not be prosecuted for kidnapping. Counsel have not called our attention to any evidence of legislative intent in this respect and as far back as 1888, more than sixty years ago, we held squarely to the contrary in *People* v. *De Leon* (109 N. Y. 226). There, the acts charged constituted a clear violation of the abduction statute (then Penal Code, § 282, subd. 2; now Penal Law, § 70, subd. 2). Yet we affirmed a conviction under *subdivision 1* of the kidnapping statute (then Penal Code, § 211, now Penal Law, § 1250). In the course of his opinion, Judge ANDREWS discussed the case of *Beyer* v. *People* (86 N. Y. 369) an abduction case. The Legislature in the intervening years has accepted our understanding of the legislative intent and the point is no longer open in this court.

Moreover, it is clear from the words of Blackstone which we quoted with approval in *People* v. *Hope* (*supra*) and which will be found on pages 49 and 50 herein, that kidnapping and abduction of a woman have never been mutually exclusive crimes and are even less so today since, as we pointed out in *People* v. *Hope* (*supra*) the kidnapping statute has " greatly enlarged the cases where conviction may be had " (p. 150), and since, even subsequent to that decision the Legislature has further enlarged the definition of kidnapping by deleting the word " secretly " in 1933. This is further confirmed by the present wording of subdivision 3 of the section defining kidnapping (Penal Law, § 1250) which uses the words " abducts " and " abduction ".

It may not be claimed that kidnapping and abduction are not separate and distinct crimes. There are many occasions in the criminal law where the same act constitutes different crimes and is punishable in different ways, but no one would claim that prosecution may not be had for either or both depending upon the facts presented and found by a jury. Therefore, defendants can make no objection that the Grand Jury and the District Attorney have chosen to prosecute them for the more general crime of kidnapping rather than for the crime of abduction. As we recently said in *People* v. *Hines* (284 N. Y. 93, 105): " Also the principle is applicable that the State may proceed under a general statute even though a more

specific one is available. A specific statute does not necessarily replace a more general statute, and does not become the exclusive method of prosecution. Authorities in this State and elsewhere confirm this principle. In *People* v. *Bord* (243 N. Y. 595) defendant urged that the existence of a specific statute covering the exact act with which he was charged prevented a prosecution for the felony under the more general statute. This court rejected that argument."

The District Attorney's brief in the *Hines* case contains numerous citations of out-of-State cases for this principle. In our own State, there are the following: *People* v. *Samuels* (284 N. Y. 410); *People* v. *Malavassi* (248 App. Div. 784, affd. 273 N. Y. 460; *People* v. *Lefkowitz* (232 App. Div. 18, affd. 257 N. Y. 560); *People* v. *Gibson* (232 N. Y. 458, 462); *People* v. *Dwyer* (215 N. Y. 46, 52); *Wilkinson* v. *Gill* (74 N. Y. 63, 67-68). (And, see, Penal Law, § 1938.) As the court said in the *Malavassi* case (*supra*), " The fact that an act is a crime under two or more sections of the Penal Law does not bar prosecution under either provision. In such a case the duty devolves upon the grand jury and the district attorney to determine under which of the applicable sections of the statute an indictment should be found." (248 App. Div. 784.)

Had it wished, the Grand Jury could have added a seventh count charging abduction and defendants could have been convicted of that crime too. However, the District Attorney may possibly have avoided asking the Grand Jury to indict the defendants for abduction in addition to kidnapping, because our decision in *People ex rel. Howey* v. *Warden of City Prison* (207 N. Y. 354), may be read as holding that the inveiglement and transportation of a female for the purpose of a single act of intercourse is not abduction. That case has some similarity to the one presented here in that there was deceit, transportation from one county to another and some degree of force applied. In any event, the District Attorney of a county, familiar with the conditions there and responsible to the People of the county, has the duty of recommending to the Grand Jury indictment for the crime or crimes which the protection of the community requires and we are not here to determine that for him. The protection of women in a county with sparsely settled sections is one of the responsibilities of the Grand Jury of that county

and if they select the crime which carries the heaviest punishment for acts lawlessly committed so that conviction may act as a deterrent to others, that is within the competency of such Grand Jury.

It seems to us that the utmost that the defendants would have been entitled to by way of charge from the court, if there had been counts in the indictment for both kidnapping and abduction, would have been that the jury could select one of the two crimes, but could also convict of both kidnapping and abduction depending upon the facts found by it. Had they been so convicted of kidnapping, abduction, rape and assault, by a general verdict, as was done here for all those crimes except abduction, then under section 1938 of the Penal Law, the court, under the settled practice of the criminal law, would have passed judgment on the count charging the highest grade of offense. Thus, in *Conkey & Herrington* v. *People* (5 Parker Cr. Rep. 31, 37 [Court of Appeals, Dec., 1860], opinion by CLERKE, J.), we said: " When a general verdict of guilty is rendered upon several counts in an indictment, relating to the same transaction, the practice is to pass judgment on the count charging the highest grade of offense. * * * " (See, also, *People* v. *Edwards*, 173 App. Div. 375; *People ex rel. Thornwell* v. *Heacox*, 231 App. Div. 617, 618; *People* v. *Goggin*, 256 App. Div. 995, affd. 281 N. Y. 611; *People* v. *Wells*, 246 App. Div. 853; *Matter of Zovick* v. *Eaton*, 259 App. Div. 585, 586.) That result was accomplished by the sentence here.

The judgments should be affirmed.

DESMOND, J. (dissenting). Each of the four defendants has been convicted of, and each has been given separate but concurrent sentences for, crimes of kidnapping, first degree rape and second degree assault. The proof, shortly stated, was that defendants inveigled the young woman complainant into an automobile, and, against her will, transported her to a secluded place where she was beaten and where each defendant ravished her. The convictions for assault and rape were sustained by sufficient proof. However, the crime of kidnapping, within the meaning and intent of section 1250 of the Penal Law, was not here proven.

Subdivision 1 of section 1250, to which the kidnapping counts in this indictment refer, is as follows: " A person who wil-

fully: 1. Seizes, confines, inveigles, or kidnaps another, with intent to cause him, without authority of law, to be confined or imprisoned within this state, or to be sent out of the state, or to be sold as a slave, or in any way held to service or kept or detained, against his will;  *  *  *  Is guilty of kidnapping ''. A similarly worded definition of the crime of kidnapping has been in the statute books of New York since 1827 (see chapter 312 of the laws of that year).  On its face, such language may seem appropriately to describe the acts of these defendants.  But, ever since the passage of chapter XLVIII of the Revised Laws of 1801 ('' An Act to prevent and punish rapes and the forcible taking of Women '') there has been listed in our statutes another crime, latterly called '' abduction '' (see 1937 Report of N. Y. Law Revision Commission, p. 457), and now, in modern language and, so far as pertinent here, defined in subdivision 3 of section 70 of the Penal Law, as follows:

'' A person who:  *  *  *

'' 3. Takes or detains a female unlawfully against her will, with the intent to compel her, by force, menace or duress, to marry him, or to marry any other person, or to be defiled;  *  *  *  Is guilty of abduction ''.

In this State, therefore, there have coexisted for many generations the crime of kidnapping, that is, the seizure, confinement or inveiglement of another with intent to confine or imprison him, and also another crime: abduction, that is, the taking or detention of a female, unlawfully against her will, for the purpose of marriage or defilement.  During all that time the intent of the Legislature separately to deal with unlawful seizures when for sexual purposes, is manifest.  At one time the two offenses stood on the statute books almost literally side by side, each carrying the same maximum penalty of ten years imprisonment (see 2 Rev. Stat. of N. Y. [1829], part IV, ch. I, tit. II, §§ 25, 28, p. 664).  Presumably, the Legislature had deliberately kept in effect those two laws, and the later transfer of each to a separate chapter of the Penal Law did not show a change of the legislative intent in that respect (see *People* v. *Rockwell*, 300 N. Y. 557).  In more recent times, the punishment for kidnapping has been increased until a person convicted thereof may now, under certain circumstances, be imprisoned for life, or a sentence of death may be

imposed. Meanwhile, the maximum term for abduction has remained at ten years. And, what is more significant, it has been the law at least since the Penal Code went into effect in 1881 (L. 1881, ch. 676), that a conviction for abduction cannot be had " upon the testimony of the female abducted, unsupported by other evidence " (present Penal Law, § 71; old Penal Code, § 283). To permit an abduction to be prosecuted as a kidnapping would be to defeat that legislative policy as to " other evidence " (see *People* v. *Plath,* 100 N. Y. 590, 593). It is not surprising, therefore, that forceful takings for marriage or defilement have always been treated as abductions, and not as kidnappings — aside from the present case, we find only one reported decision where there was a conviction for kidnapping on such facts (*People* v. *Kulikauskas,* 273 App. Div. 978), and the briefs on that appeal show that this point was not raised.

Furthermore, the kidnapping statute itself (Penal Law, § 1250), contains internal evidence that abduction and kidnapping are distinct offenses, since in subdivision 3 thereof (not here involved) one who " abducts " another at or from a place without the State is declared guilty of kidnapping; in other words, abduction under such circumstances becomes kidnapping (see *People* v. *De Leon,* 109 N. Y. 226).

It is impossible to prove with mathematical or clinical precision that the Legislature intended always that these offenses should be separate, one from the other. However, everything points that way, including the fact that the abduction statute was amended as recently as 1940 (L. 1940, ch. 190). Eminent writers on criminal law have come to similar conclusions as to there being essential differences between the two crimes (2 Burdick on Law of Crime [1946], § 359; 1 Russell on Crime [9th ed.], p. 592), and the Supreme Court not long ago warned against stretching the meaning of kidnapping statutes by " the magic of lexigraphy " (*Chatwin* v. *United States,* 326 U. S. 455, 464).

We find in the prevailing opinion no answer to the foregoing demonstration of legislative intent. Irrelevant here are such cases as *People* v. *Hope* (257 N. Y. 147), *People* v. *Small* (274 N. Y. 551), and *People* v. *Rosenthal* (289 N. Y. 482); each of those is a typical kidnapping case, lacking in the very elements which, as pointed out above, distinguish abduction from kid-

napping. As to the suggestion that the present defendants could have been indicted for, and convicted of, both kidnapping and abduction, we can say only that the suggestion has never been heard before, and that it denies to the Legislature the power it has always exercised, of fixing the elements of, and the punishment for, specific and separate crimes.

The reference to *People ex rel. Howey* v. *Warden of City Prison* (207 N. Y. 354) can be disposed of by pointing out that the ruling there is as to the meaning of subdivision 2 of section 70, and not of the very different definition of abduction in subdivision 3, which latter subdivision is the one here material. Incidentally, the Special Term opinion in *People ex rel. Howey* v. *Warden of City Prison* (*supra*), approved by the court's opinion in that case, supports the conclusion herein that the facts now before us make out the crime of abduction under subdivision 3 of section 70.

The judgments of the Appellate Division should be modified so as to provide that the judgments of convictions as to the 1st and 6th counts be reversed and those counts dismissed, otherwise affirmed.

Lewis, Dye and Froessel, JJ., concur with Conway, J.; Desmond, J., dissents in opinion in which Loughran, Ch. J., and Fuld, J., concur.

Judgments affirmed.