## (December 5, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID LEVY, PATRICK MALONEY and LOUIS D'ANTONIO, Appellants.— Judgments of conviction convicting the defendants of the crimes of kidnapping, robbery in the first degree, and criminal possession of a pistol, unanimously affirmed. In the circumstances of this case the assignments of error do not warrant a reversal of the judgments appealed from. While there were errors made during the

course of this four-week trial they are not of such nature, either separately or collectively, as to affect the substantial rights of the defendants (Code Crim. Pro., § 542). One of the alleged errors which merits some discussion is the trial court's failure to charge, as requested, that "if the jury finds that the detention * * * was for a short period incidental to the crime of robbery, and occurring during the immediate act of commission of such crime, then such detention will not form a basis for the crime of kidnapping". While this requested charge is a correct statement of the applicable law (*People* v. *Florio*, 301 N. Y. 46), the failure to so charge in the light of the facts of this case was not error. It appears that the detention of the complaining witnesses extended over a period of some 20 minutes and that the acts of "robbery" were of relatively short duration. Indeed, the victims were kept in custody beyond the time necessary for the completion of the robbery and driven about until the defendants were ready to take them to a location prearranged by those participating in the robbery. There was thus no need to charge as requested, as the premise for such a charge — a short period of detention during the immediate acts of a robbery — may not be found in this record. No such charge was given in the case of *People* v. *Florio* (*supra*), where the court held that the record did not support a finding that the detention was only incidental to the commission of the underlying felony. In that case, despite such omission to charge, the judgments of conviction were affirmed. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.