Burke, J.
(dissenting). I would affirm defendant’s convictions on the three kidnapping counts, one count of first degree attempted rape and three counts of second degree assault. In my opinion, this court’s decision in People v. Levy (15 N Y 2d 159 [1965]) does not preclude an affirmance of defendant’s kidnapping convictions, nor does the allegedly inflammatory summation of the prosecutor constitute reversible error requiring a new trial on the rape and assault convictions.
In the Levy case, wherein we ostensibly overruled People v. Florio (301 N. Y. 46 [1950]), the two victims had been accosted at gunpoint by two armed men, one of whom usurped control of their car and proceeded to transport them about the city while the other effected a robbery of their persons. “ The total length of the drive was 27 city blocks; the time 20 minutes.” (15 N Y 2d, supra, p. 163.) This, the court concluded, was “ essentially robbery and not kidnapping ” (p. 165). In reaching this decision, it was necessary to overrule at least the rationale of Florio where Judge Conway had spoken in broad general language about the crime of kidnapping: “ ‘ The confinement and detention in the automobile for a short time, coupled with the intent, brings the case wiiliin the purview of the statute.’ ” (301 N. Y., supra, p. 50; emphasis in original.)
*274 Nevertheless, it is by no means certain that we were overruling the result reached in Florio and Judge Bebgau, speaking for the Levy majority, recognized that no hard and fast rule could be defined: “ There may well be situations in which actual kidnapping in this sense can be established in conjunction with other crimes where there has been a confinement or restraint amounting to kidnapping to consummate the other crime.” (15 N Y 2d, supra, p. 165,) Such a situation is presented on this appeal, a situation which does not fall within the Levy de minimis rule.
Herein the defendant Lombardi, on three separate occasions, doped, transported, detained and assaulted or attempted to rape three different victims; the periods of detention on the three occasions ranged from 10 to 15 hours; and the distance travelled far exceeded that in Levy. While it would be most unwise for this court to become involved with the endless factors of time and distance in this question of asportation, certainly kidnapping “ in the conventional sense ” includes the substantial asportation of the person detained, in time and/or distance, not essential to the underlying crime intended. (See Revised Penal Law, § 135.25, eff. Sept, 1, 1967.) A kidnapping invariably has its basis in another crime, whether it be extortion, robbery, rape, etc,, and in this case Lombardi transported and detained his doped female victims for the heinous and criminal purpose of sexual assault and gratification, transported them over a substantial distance and detained them for a substantial time. These elements clearly distinguish this case from Levy and render inapplicable the Levy de minimis rule. Accordingly, in every sense, conventional and otherwise, Lombardi was guilty of kidnapping, as so found by the jury pursuant to an extremely fair charge by the trial court, and his convictions in this regard should be affirmed.
As to the court’s other ground for reversal, necessitating a new trial on the attempted rape and assault charges, I find it quite unpersuasive. Most assuredly the prosecutor ranged far and wide in his summation to the jury, employing such terms as “ damnable,” “ diabolical,” “ destructive,” “ foul,” “ vile,” “ filled with deceit,” and “ devoid of decency ” in referring to the defendant and his reprehensible conduct. In a case such as this, however, fiercely tried on both sides in our traditional *275 form of adversary proceeding, I would not consider such language unduly prejudicial to the defendant’s rights, especially where the evidence of guilt is overwhelmingly convincing beyond peradventure of a doubt. (Cf. People v. Kingston, 8 N Y 2d. 384 [1960].)
The judgment of conviction for kidnapping, assault and attempted rape should be affirmed in all respects.
Chief Judge Fuld and Judges Van Voobhis and Keating concur with Judge Bregan; Judge Burke dissents and votes to affirm in an opinion in which Judges Scileppi and Breitel concur.
Judgment reversed, the counts charging kidnapping dismissed and a new trial ordered as to the remaining counts of the indictment.